NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164470)
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-6077/4443
     Facsimile:  (213) 894-7631
     E-mail:     ruth.pinkel@usdoj.gov
                 lindsey.dotson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-331-GW |
|---|---|
| Plaintiff, | STIPULATION RE: PROTECTIVE ORDER |
| v. | [PROPOSED ORDER LODGED CONCURRENTLY HEREWITH] |
| ARMAN GABAEE, aka "Arman Gabay," | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Ruth C. Pinkel and Lindsey Greer Dotson, and defendant ARMAN GABAEE, also known as "Arman Gabay" ("defendant"), by and through his counsel of record, Thomas P. O'Brien and Nicole D. Lueddeke, hereby stipulate that:

1.   On May 30, 2018, defendant was charged in a five-count indictment with Honest Services Wire Fraud, in violation of 18 U.S.C.

§§ 1343, 1346, and Federal Program Bribery, in violation of 18 U.S.C. § 666(a)(2).

2. On May 30, 2018, this case was assigned to the Honorable George Wu.

3. The parties stipulate, and request the Court to order, that only defense counsel identified in this stipulation and who sign this stipulation, the defense team (defined below), prospective defense witnesses, and defendant may review the following materials contained in the discovery in preparation for trial, and that defense counsel, the defense team, prospective defense witnesses, and defendant may only use the following materials, or any portion thereof, for the specific purpose of preparing or presenting a defense in this matter and for no other purpose:

    a. <u>Personal Information</u>. The evidence in this matter includes personally identifiable information and other sensitive information (collectively, "Personal Information"), including for individuals other than defendant. The Personal Information includes, but is not limited to, names, dates of birth, Social Security numbers, addresses, financial records, account numbers, and phone records. The Personal Information is found throughout the discovery in this case, which includes, among other records, large amounts of materials obtained through grand jury subpoenas.

    b. <u>Wire Information</u>. The evidence also includes (a) intercepted communications of individuals other than defendant obtained pursuant to two federal wiretap orders and (b) pleadings filed under seal in support of, or in relation to, the two federal wiretap orders (collectively, the "Wire Information"). The government has obtained a limited disclosure order permitting the

government to disclose Wire Information to defendant but mandating that defendant not further disclose or disseminate such material.

        c.   <u>Consensual Recording Information</u>.  The evidence further contains intercepted communications of individuals other than defendant obtained through consensual recording by one party to the communication (the "Consensual Recording Information").

    4.   For purposes of the protective order, the term "defense team" refers to (1) defendant's counsel of record, (2) other attorneys who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case -- all of whom have been advised of their obligations under the protective order and have affirmed to defendant's counsel of record that they agree to be bound by the terms of the protective order. The term "defense team" does not include defendant, his family members, or any other associates of defendant.

    5.   Defendant's counsel of record agrees to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any material subject to the Protective Order.

    6.   The parties stipulate, and request the Court to order, that any discovery containing Personal Information, Wire Information, or Consensual Recording Information shall only be shared with defendant in the presence of his defense team, and that defendant shall not be allowed to possess on his own any discovery containing Personal

Information, Wire Information, or Consensual Recording Information, or any portion thereof.

7. The parties further stipulate, and request the Court to order, that only defense counsel and defense counsel's agents may make copies of any discovery containing Personal Information, Wire Information, or Consensual Recording Information, and with respect to defense counsel's agents, only if they first, prior to copying any portion of the discovery, agree to be bound by the terms of the Court's Protective Order prohibiting the disclosure of the documents, or the confidential information contained therein, to other third parties.

8. The parties further stipulate and request that the Court make its Order applicable to any unredacted Personal Information, Wire Information, or Consensual Recording Information contained in all of the discovery produced in this case.

9. The parties agree that, absent an order of the Court, documents containing Personal Information, Wire Information, or Consensual Recording Information shall not be filed with or submitted to the Court or reproduced in any court filing unless the documents are placed under seal or all identifying information has been redacted/removed.

10. The parties further agree that within 90 days of the conclusion of this criminal matter, defense counsel will collect and destroy any and all copies of documents and portions thereof containing the Personal Information, Wire Information, or Consensual Recording Information that defense counsel possesses and/or has made and distributed to his agents and/or defendant for the purpose of preparing or presenting a defense in this matter.  Defense counsel

will certify in writing to counsel for the government that the documents have been destroyed.  Litigation of this matter includes any appeal filed by defendant, and any motion that may be filed by defendant pursuant to 28 U.S.C. § 2255.  If defendant does not file a motion pursuant to 28 U.S.C. § 2255, and the deadline for filing such a motion has expired, defense counsel shall return the discovery at that time or certify that the discovery has been destroyed.

11.  The parties further stipulate, and request the Court to order, that the government shall identify by Bates numbers all materials provided or to be provided to the defense by the United States Attorney's Office that are subject to this protective order.

///

///

///

12. Accordingly, the parties have agreed to request the Court to enter a protective order in the form submitted herewith. Defense counsel have conferred with defendant regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.

IT IS SO STIPULATED.

Dated: June 29, 2018

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

_____
RUTH C. PINKEL
LINDSEY GREER DOTSON
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: June 29, 2018

_____
THOMAS P. O'BRIEN
Counsel for Defendant ARMAN GABAEE

Dated: June 29, 2018

_____
NICOLE D. LUEDDEKE
Counsel for Defendant ARMAN GABAEE