NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164770)
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6077/4443
     Facsimile: (213) 894-7631
     E-mail:    ruth.pinkel@usdoj.gov
                lindsey.dotson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-331-GW |
|---|---|
| Plaintiff, | <u>OPPPOSITION TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE FOR TRAVEL</u> |
| v. | |
| ARMAN GABAEE,<br>  aka "Arman Gabay," | Hearing Date: June 6, 2019<br>Hearing Time: 8:00 a.m.<br>Location:    Courtroom of the<br>             Hon. George H. Wu |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Ruth C. Pinkel and Lindsey Greer Dotson, hereby files its Opposition to Defendant's Motion to Modify Conditions of Pretrial Release for Travel.

///

///

///

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 16, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


              /s/
RUTH C. PINKEL
LINDSEY GREER DOTSON
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant ARMAN GABAEE seeks a bond modification order permitting him to travel internationally to visit his brother's grave in Israel and vacation in Greece. (Dkt. 43.) Because his motion is based on new facts not previously before, or considered by, the magistrate judge who imposed the conditions of release, defendant's motion should be heard first by the magistrate judge. Any appeal would then be considered by this Court. For this reason, defendant's instant motion to this Court is premature and should be denied without prejudice.

Nevertheless, even if this Court were to consider the merits, it should still deny defendant's motion. Defendant's extraordinary request would place him beyond the jurisdiction of the United States government just weeks before trial and create a serious risk of non-appearance without any good cause. Defendant is not entitled to travel, let alone internationally, while on pretrial release. The magistrate judge imposed reasonable conditions of pretrial release that limited defendant's travel to the State of California, and nothing defendant now offers changes the calculus here. Defendant's reasons for travel are completely self-imposed and not compelling. Moreover, his proffered extradition waiver does nothing to prevent him from contesting the validity of that waiver once abroad, or worse, altering his travel plans to enter a country with which the United States has no extradition treaty. Accordingly, because international travel would create a significant and unnecessary flight risk, defendant's motion should be denied.

## II. BACKGROUND

Defendant is a prominent real estate developer who paid bribes to secure lucrative leases with the County of Los Angeles (the "County"). (Dkts. 1, 14.) For over six years, defendant paid a County employee ("Cooperating Witness 1" or "CW1") cash bribes of approximately $1,000 every month in exchange for County leases, non-public information, and other benefits. (Id.) In late 2016 and early 2017, CW1 consensually recorded multiple bribe payments from defendant. (Id.)

At the same time, defendant was also seeking a $45 million lease from the County and again enlisted CW1's assistance. (Dkts. 1, 14.) In exchange for CW1's help securing the lucrative lease, defendant offered to purchase a home in Northern California, listed at over $1,000,000, for CW1. (Id.) Defendant's offers to bribe CW1 were captured during consensually recorded meetings and phone calls with CW1, and defendant's efforts to purchase the million dollar residence for CW1 were captured in recorded phone calls intercepted pursuant to two federal wiretap orders. (Id.) Ultimately, defendant went so far as to place not one, but two, offers on the home for CW1. (Id.)

On May 10, 2018, a criminal complaint was filed against defendant for one count of Federal Program Bribery, in violation of 18 U.S.C. § 666(a)(2). (Dkt. 1.) Following defendant's arrest on May 16, 2018, the Honorable Alicia G. Rosenberg, United States Magistrate Judge, set defendant's conditions of release. (Dkt. 7.) Pursuant to Judge Rosenberg's order, defendant is currently released on a $1,000,000 appearance bond secured by real property owned by his brother, Mark Gabay. (Dkts. 7, 19.) Defendant's travel is restricted to the State of California, although Judge Rosenberg

2

permitted defendant to travel to a prescheduled conference in Nevada in May 2018, provided that defendant had surrendered his passport. (Dkt. 7.)  When Judge Rosenberg set defendant's conditions of release, defendant did not request international travel, provided no basis for needing to travel internationally, and did not proffer a waiver of extradition.

On May 30, 2018, a federal grand jury returned a five-count indictment against defendant for Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346, and Federal Program Bribery, in violation of 18 U.S.C. § 666(a)(2).  (Dkt. 14.)  Trial is currently scheduled for September 10, 2019.

**III. ARGUMENT**

    **A.  Defendant's Application for a Bond Modification Based on New Facts Should First Be Considered by the Magistrate Judge Who Imposed His Original Conditions of Release**

Bond modifications based on new facts or circumstances not previously considered by a judicial officer are first heard by the judicial officer who imposed the conditions of release---in this case, Judge Rosenberg.  See 18 U.S.C. § 3142(f) ("The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.").  Under 18 U.S.C. § 3142, where a party seeks a bond modification based on new or different circumstances not previously before the magistrate judge at the time the magistrate judge issued

3

1 the original bond order, that same magistrate judge first rules on
2 the proposed bond modification. See, e.g., United States v. Robledo,
3 2014 U.S. Dist. LEXIS 135533 (S.D. Cal. Sept. 24, 2014); United
4 States v. Riley, 2014 U.S. Dist. LEXIS 9179 (D. Nev. Jan. 22, 2014);
5 United States v. Hannah, 2010 U.S. Dist. LEXIS 64556 (S.D. Cal. June
6 29, 2010); United States v. Colombo, 616 F. Supp. 780, 783 (E.D.N.Y.
7 1985) ("The Magistrate had the right, as a matter of inherent power,
8 to modify his order for any of the reasons stated in Rule 60(b) of
9 the Federal Rules of Civil Procedure which applies by analogy to
10 federal criminal proceedings."). Indeed, Form CR-88 is the standard
11 form used in this district for a party to seek rehearing pursuant to
12 Section 3142 and makes clear that rehearing of an order based on
13 "facts not previously considered by said judicial officer or changed
14 circumstances" shall be heard before the same judicial officer who
15 issued the original order---here, Judge Rosenberg.[1] Then, once Judge
16 Rosenberg has had an opportunity to consider the new facts and rule
17 on defendant's application for a bond modification, either party
18 would be able to appeal Judge Rosenberg's order to this Court. 18
19 U.S.C. § 3145.
20   Here, defendant seeks, for the first time, international travel
21 while on pretrial release. He made no such request at his initial
22 detention hearing before Judge Rosenberg. In support of his request,
23 defendant proffers two primary new facts: (1) the purpose of his
24 international travel (visiting his brother's grave and a family
25 vacation) and (2) a signed waiver of extradition. Neither of these

---

[1] www.cacd.uscourts.gov/sites/default/files/forms/CR-088/CR-88.pdf (last visited May 15, 2019).

4

facts were before Judge Rosenberg when she issued the original order of release.

Were defendant simply appealing Judge Rosenberg's bond conditions without any new facts or changed circumstances, then an appeal directly to this Court would be appropriate. But instead, defendant is seeking a modification of Judge Rosenberg's order of release to permit international travel based on two new material facts. Under 18 U.S.C. § 3142(f), as well as the traditions and norms of this district, Judge Rosenberg should have the first opportunity to consider the new facts and issue (or not issue) an amended order of release.

Accordingly, this Court should deny defendant's instant motion as premature and without prejudice to defendant's ability to re-notice this motion for hearing before Judge Rosenberg.

**B. Defendant's Proposed Bond Modification Lacks Merit, Presents an Extraordinary Flight Risk, and Must Be Denied**

Even if this Court were to consider the merits, defendant's application for international travel presents an extraordinary flight risk and should be denied. Defendant is facing serious public corruption charges and a lengthy prison term for offering over one million dollars as a bribe to a County employee. Defendant now seeks to travel internationally, just weeks before trial, without any compelling justification for doing so. Nothing about his request warrants such an immense risk to the government's ability to assure that justice is served and defendant is available for trial.

In restricting defendant's travel to the State of California and ordering him to surrender his passport, Judge Rosenberg recognized the need to limit defendant's travel to secure his appearance at

5

trial.  After all, pretrial release is not a free-for-all where one can come and go from this country as he or she pleases.  In nearly every case, even ones far less consequential to the rule of law than this one, defendants face a multitude of restrictions on pretrial release---and almost always, a restriction of their movement to this district or, at the very least, the State of California.

To permit an individual with the financial wherewithal of defendant to travel internationally, for a purely voluntary family trip no less, would present an extraordinary and completely unnecessary flight risk.  The risk of defendant changing course and traveling to a country lacking an extradition treaty with the United States is serious.  Moreover, even with the waiver of extradition, there is nothing that would prevent defendant from contesting its validity, thereby stalling his return to the United States.  And even if the government were to ultimately prevail, the extradition process is lengthy, resource-intensive, and financially burdensome.  The longer the government is prevented from trying its case, the greater the risk that witnesses will become unavailable or their memories will fade.

Furthermore, the reasons for defendant's travel are not compelling in this case.  With all due respect to defendant's late brother, visiting his grave is not the only way defendant can honor him.  Defendant does not need to travel beyond the reach of the federal government just weeks before trial.  In addition, defendant's family chose to vacation in Greece at a time when defendant is on pretrial release and restricted in his travel.  Nothing prevents defendant and his family from spending time together and vacationing in California in accordance with the terms of defendant's conditions

6

of release imposed by Judge Rosenberg. Ultimately, defendant's reasons for wanting to travel are completely self-imposed and create an absolutely unacceptable risk of non-appearance.

### C. Heightened Conditions of Release Are Necessary to Better Ensure Defendant's Return to the United States, in the Event This Court Were to Grant Defendant's Request

There is no question that defendant's request is meritless, extraordinary, and should be denied. Nevertheless, should this Court consider granting the request, the following additional conditions of release would be necessary to better ensure defendant's return to the United States:

- The extradition waiver and consent to extradition must be drafted by the government and signed by defendant in the presence of two federal agents who will witness and videotape defendant's execution of the waiver and consent;
- Defendant's signature on the extradition waiver and consent to extradition must be notarized by an independent notary public with whom defendant has no preexisting business, familial, or other relationship; and
- There must be an additional appearance bond of $1,000,000 secured by the real property of one or more third parties, which can be exonerated upon defendant's return to the United States.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny defendant's application for a bond modification.

7