BROWNE GEORGE ROSS LLP
Thomas P. O'Brien (State Bar No. 166369)
  tobrien@bgrfirm.com
Ivy A. Wang (State Bar No. 224899)
  iwang@bgrfirm.com
David J. Carroll (State Bar No. 291665)
  dcarroll@bgrfirm.com
Nathan F. Brown (State Bar No. 317300)
  nbrown@bgrfirm.com
Matthew O. Kussman (State Bar No. 313669)
  mkussman@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendant
Arman Gabaee aka "Arman Gabay"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ARMAN GABAEE aka "Arman Gabay,"<br><br>Defendant. | Case No. 2:18-cr-00331-GW<br><br>**DEFENDANT'S RESPONSE TO GOVERNMENT'S SUPPLEMENTAL AUTHORITY RE: MOTION TO MODIFY BAIL CONDITIONS**<br><br>Judge: Hon. Alicia G. Rosenberg<br><br>Trial Date:            September 10, 2019<br>Status Conference: August 29, 2019 |

Defendant Arman Gabaee aka "Arman Gabay" respectfully submits the following response to the government's supplemental authority concerning Mr. Gabaee's motion to modify his conditions of pretrial release (Dkt. # 49), as well as to the District Court's June 5, 2019 Order (Dkt. #50).

# MEMORANDUM OF POINTS AND AUTHORITIES

The government's Supplemental Authority in Support of Government's Opposition (Dkt. # 49) is procedurally improper and, as such, this Court should strike it. Despite being styled as a memorandum of "supplemental authority," the filing is actually an unjustified sur-reply submitted without leave of court. The memorandum does not simply list new authorities, but rather makes an entirely new argument with respect to the enforceability of the extradition waiver that *the government itself* proposed in its opposition. The government's regret over its prior proposal does not entitle it to make a new argument in a sur-reply and this Court should strike the filing on this basis alone. C.D. Cal. L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply.").[1] Moreover, even if the government's filing could be considered a true notice of supplemental authorities rather than a sur-reply, this Court should still disregard it because the government does not identify any *new* authority that could not have been cited in the original briefing. *See Blyden v. Navient Corp.*, No. EDCV 14-2456, 2016 WL 6601658, at *2 (C.D. Cal. Feb. 16, 2016) (declining to consider notice of supplemental authority because "it is not new authority").[2]

In any event, the government misconstrues the holdings of the cases that it cites. First, none of the cases that the government cites hold that extradition waivers are either *per se* unenforceable or unenforceable in Israel and Greece (i.e., the two countries that Mr. Gabaee intends to visit). Indeed, three of the cases it cites involve countries that do not have an extradition treaty with the United States at all. *United*

---

[1] *See* C.D. Cal. L. Crim. R. 57-1 ("When applicable directly or by analogy, the Local [Civil] Rules of the Central District of California shall govern the conduct of criminal proceedings before the District Court, unless otherwise specified.").

[2] *See, also.*, *Chan v. Orthologic Corp.*, No. CIV 96-1514, 1998 WL 1018624, at *7 (D. Ariz. Feb. 5, 1998) ("[S]uch supplemental authorities must truly be *new* (that is, freshly decided)."); *Dagher v. Lathrop & Gage LLP*, No. CV-17-00084, 2017 WL 5957647, at *2 (D. Ariz. July 18, 2017).

*States v. Young*, No. 2:12-cr-502, 2013 WL 12131300, at *7 (D. Utah Aug. 27, 2013) (Lebanon); *United States v. Ali*, 793 F. Supp. 2d 386, 392 (D.D.C. 2011) (Somalia); *United States v. Bohn*, 330 F. Sup. 2d 960, 961 (W.D. Tenn. 2004) (Vanatu).  On the other hand, not only does the U.S. have extradition treaties with Israel and Greece, but those particular extradition treaties also expressly provide that a fugitive may consent to extradition.  *Protocol Amending the Convention, U.S.-Israel, art. 9*, Jul. 6, 2005, T.I.A.S. 07-110 ("If the person sought consents to be surrendered to the Requesting Party, the Requested Party may surrender the person as expeditiously as possible without further proceedings."); *Protocol Amending the Treaty of May 6, 1931, and the Protocol of September 2, 1937, U.S.-Greece, art. 8*, Jan. 18, 2006, T.I.A.S. 10-201.10 ("If the person sought consents to be surrendered to the requesting country, the requested country may, in accordance with the principles and procedures provided for under its legal system, surrender the person as expeditiously as possible without further proceedings.").[3]  There is no reason to presume that Israel and Greece will not honor their treaties.  Indeed, where such treaties exist, requiring an extradition waiver is an appropriate condition of release.  *See e.g.*, *United States v. Karni*, 298 F. Supp. 2d 129 (D.D.C. 2004) (modifying conditions of release to require defendant to "sign a waiver of any rights not to be extradited to the United States that he has under Israeli and South African extradition treaties with the United States.").  Further, to the extent any foreign court in Greece or Israel would have any concerns about the enforceability of Mr. Gabaee's waiver, those concerns should be assuaged by the government's belt and suspenders proposal, which Mr. Gabaee has agreed to, requiring multiple witnesses, a videotape, and notarization.[4]

---

[3] The United States' extradition treaty with Israel can be found here: https://www.state.gov/07-110.  The United States' extradition treaty with Greece can be found here: https://www.state.gov/10-201-10.

[4] Because Mr. Gabaee is solely a United States citizen, whether Greece or Israel would treat its own citizens differently is immaterial here.  *See* Gabaee Decl. ¶ 2.

      Second, all of the cases cited by the government involved a defendant who either was a citizen of, or had extremely close ties with, a foreign country. *See United States v. Morrison*, No. 16-MR-118, 2016 WL 7421924, at *4 (W.D.N.Y. Dec. 23, 2016) (Canadian citizen with Canadian passport); *United States v. Kazeem*, No. 1:15-CR-00172-AA-1, 2015 WL 4645357, at *3 (D. Or. Aug. 3, 2015) (Nigerian citizen with Nigerian passport); *Young*, 2013 WL 12131300, at *7 (Lebanese resident married to a Lebanese citizen); *Ali*, 793 F. Supp. 2d 386, 392 (D.D.C. 2011) (citizen of Somalia with no ties to United States); *United States v. Cohen,* No. C-10-00547-SI, 2010 WL 5387757, at *9 n.11 (N.D. Cal. Dec. 20, 2010) (Israeli citizen); *United States v. Georgiou*, No. 08-1220-M, 2008 WL 4306750, at *2-3 (E.D. Pa. Sept. 22, 2008) (Canadian citizen); *Bohn*, 330 F. Supp. 2d at 961 (Vanuatuan citizen); *United States v. Stroh*, No. 396 CR 139-AHN, 2000 WL 1832956, at *5 (D. Conn. Nov. 3, 2000) (Columbian citizen with no ties to the United States); *United States v. Botero*, 604 F. Supp. 1028, 1035 (S.D. Fla. 1985) (Columbian citizen). By contrast, Mr. Gabaee is solely a United States citizen. Gabaee Decl. ¶ 2. He has never had Greek or Israeli citizenship, nor is he a citizen of any country other than the United States. *Id.* All of his close living relatives and all of his substantial assets are located in the United States. *Id.* at ¶ 4. As such, this Court should not be concerned that Mr. Gabaee will flee or that another country will resist his extradition.

      Third and finally, the extradition waiver is only a relevant consideration to the extent there is any indicia that Mr. Gabaee would try to abscond in the first place. But, as this Court already found by granting pretrial release, Mr. Gabaee is not a flight risk. This conclusion has only been reinforced by Mr. Gabaee's consistent compliance with his conditions of release for over a year. *See* Reply at 4. Accordingly, even if there were doubts as to the enforceability of Mr. Gabaee's extradition waiver, the remaining conditions are sufficient to ensure his return to the United States.

For these reasons, this Court should disregard the government's filing and grant Mr. Gabaee's motion.

Dated: June 6, 2019

BROWNE GEORGE ROSS LLP
Ivy A. Wang
Thomas P. O'Brien
David J. Carroll
Nathan F. Brown
Matthew O. Kussman

By: /s/ Thomas P. O'Brien
     Thomas P. O'Brien
Attorneys for Defendant
Arman Gabaee aka "Arman Gabay"

## DECLARATION OF ARMAN GABAEE

I, Arman Gabaee, declare as follows:

1. I am a party in the above-entitled action. I have firsthand, personal knowledge of the facts set forth below and if called as a witness could competently testify thereto.

2. I am a citizen of the United States. I am not a citizen of Israel, Greece, or any other country.

3. My brother, Cameron Gabay, passed away on August 13, 2003 and is buried at Mount Olive, Jerusalem. We had a very strong relationship while he was still living and I have visited my brother's grave on a periodic basis every three to four years since his passing, with the last time being in 2015. My wife and I have been presented with extreme challenges over the last two years and feel that a visit to Cameron's grave will be an inimitable religious and spiritual experience capable of bringing us comfort and solace.

4. My wife, my father, and my children all reside in the United States. I have no living immediate family members residing in Israel or Greece. My home and substantially all of my assets are also located in the United States.

5. Should my requested travel be permitted, I would agree to supply a full itinerary of my travel plans, including hotel and flight information.

Executed this 6th day of June, 2019, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Arman Gabaee aka "Arman Gabay"