NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164770)
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6077/4443
     Facsimile: (213) 894-7631
     E-mail:    ruth.pinkel@usdoj.gov
                lindsey.dotson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-331-GW |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S RESPONSE TO SUPPLEMENTAL AUTHORITY IN SUPPORT OF GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE FOR TRAVEL |
| v. | |
| ARMAN GABAEE, aka "Arman Gabay," | |
| Defendant. | Hearing Date: June 11, 2019<br>Hearing Time: 11:00 a.m.<br>Location:    Courtroom of the Hon. Alicia G. Rosenberg |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Ruth C. Pinkel and Lindsey Greer Dotson, hereby files its Response to Defendant's Response to Supplemental Authority in Support of Government's Opposition to Defendant's Motion to Modify Conditions of Pretrial Release for Travel (dkt. 51).

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 10, 2019            Respectfully submitted,

                                NICOLA T. HANNA
                                United States Attorney

                                BRANDON D. FOX
                                Assistant United States Attorney
                                Chief, Criminal Division


                                           /s/
                                RUTH C. PINKEL
                                LINDSEY GREER DOTSON
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

On June 4, 2019, the government filed a list of nine case citations, along with their holdings, in anticipation of the hearing originally scheduled for June 6, 2019 before the Honorable George H. Wu.  (Dkt. 49.)  After Judge Wu denied defendant ARMAN GABAEE's motion for a bond modification (dkt. 50), defendant filed a new brief (dkt. 51), purportedly in response to the government's list of supplemental authorities, but which was, in fact, an entirely new brief designed to address the concerns raised by Judge Wu in his minute order.  Indeed, defendant even filed a brand new declaration, executed after Judge Wu issued his minute order, in an effort to alleviate the concerns raised by Judge Wu.

There is absolutely nothing that prohibits a party from referring the Court to relevant case law at any point in a proceeding and filing a notice of supplemental authorities to provide the Court with written case citations.  Indeed, even if defendant were to succeed and have the Court here "strike" the government's list of supplemental authority, there is no rule that would prevent the government from orally referring the Court to those very same nine case citations during the hearing on this matter.

Moreover, defendant attempts to suggest that the government is making a "new" argument with its case citations, claiming that the government somehow consented to defendant's proffer of an "extradition waiver."  Not so.  At nearly every turn, the government repeatedly made clear in its original opposition that the purported "waiver of extradition" would do nothing to assure defendant's appearance in a U.S. courtroom for trial.  On the very first page of its opposition, the government stated:  "Moreover, his proffered

extradition waiver does nothing to prevent [defendant] from contesting the validity of that waiver once abroad, or worse, altering his travel plans to enter a country with which the United States has no extradition treaty." (Dkt. 44.) The government's position is, and always has been, that the waiver of extradition would be worth nothing more than the paper on which it was written.

    Ultimately, defendant faults the government for filing what parties file every day in this district --- a list of case citations a party intends to raise, or has raised, during a hearing or oral argument. More boldly, defendant has the audacity to chastise the government for filing an unauthorized "sur-reply," while at the same time, filing what amounts to an unauthorized reply to Judge Wu's minute order. Defendant, without leave of Court, filed a four-page "response" to the government's list of case citations, which (1) was riddled with argument as to why the Court should disregard those cases and (2) raised entirely new arguments, replete with a new declaration no less, to improperly respond to Judge Wu's minute order. Defendant's request to strike the government's entirely proper filing of supplemental authorities is both meritless and particularly hollow in light of defendant's own conduct.