BROWNE GEORGE ROSS LLP
Thomas P. O'Brien (State Bar No. 166369)
 tobrien@bgrfirm.com
Ivy A. Wang (State Bar No. 224899)
 iwang@bgrfirm.com
David J. Carroll (State Bar No. 291665)
 dcarroll@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendant
Arman Gabaee, aka "Arman Gabay"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-cr-00331-GW |
| Plaintiff, | **DEFENDANT'S *EX PARTE* APPLICATION TO SEAL DOCUMENTS; DECLARATION OF IVY A. WANG** |
| vs. | |
| ARMAN GABAEE aka "Arman Gabay," | Judge:   Hon. George H. Wu |
| Defendant. | Trial Date:          September 10, 2019<br>Status Conference: August 29, 2019 |

Defendant Arman Gabaee aka Arman Gabay respectfully applies *ex parte* for an order sealing docket number 62-2, which consists of two exhibits (Exhibits J and K) that Mr. Gabay publicly filed in support of his motion to compel production of documents.

On June 24, 2019, Mr. Gabay filed his reply in support of his motion to compel production of documents, as well as several supporting documents, both

publicly and under seal. ECF Nos. 62, 63. During a prior meet and confer with the government, Mr. Gabay originally stated that he intended to file his entire reply and all supporting documents under seal to guard against public disclosure of a sealed civil case that was discussed therein (with portions of the documents discussing his defense strategy submitted *in camera*). The government objected to Mr. Gabay filing all such documents under seal, and instead requested that Mr. Gabay seek to file under seal only the specific references in each document that should not be publicly discussed. Mr. Gabay agreed to the government's request. After Mr. Gabay so filed the documents, the government brought to Mr. Gabay's attention that the two exhibits that Mr. Gabay publicly filed contained documents (or references) that should have been filed under seal.

Exhibit J, which is a discovery letter from the government in this matter, makes multiple references to the sealed civil case. Mr. Gabay inadvertently did not redact one of those references prior to filing the exhibit. In addition, the government contends that Exhibit K, which is a document that was produced by the government to Mr. Gabay in discovery, is subject to the Court's protective order in this action and has thus requested that Mr. Gabay take steps to remove it from the public docket. *See* Wang Decl. ¶¶ 2–5.

For these reasons, Mr. Gabay respectfully requests that this Court seal docket number 62-2 in its entirety.

Dated: June 24, 2019

BROWNE GEORGE ROSS LLP
Ivy A. Wang
Thomas P. O'Brien
David J. Carroll

By: /s/ Thomas P. O'Brien
Thomas P. O'Brien
Attorneys for Defendant
Arman Gabaee aka "Arman Gabay"

# DECLARATION OF IVY A. WANG

1. I am an attorney licensed to practice before all courts in the State of California, and I am admitted to practice before this Court. I am a partner with the law firm Browne George Ross LLP, and I am counsel of record for Defendant Arman Gabaee aka Arman Gabay in this action.

2. On June 24, 2019, during a meet and confer with the government, I informed the government that Mr. Gabay intended to file under seal his entire reply in support of his motion to compel, and all supporting documents, to guard against public disclosure of a sealed civil case that was discussed therein (with portions of the documents discussing his defense strategy submitted *in camera*). The government objected to Mr. Gabay filing all such documents under seal, and instead requested that Mr. Gabay seek to file under seal only the specific references in each document that should not be publicly disclosed. Mr. Gabay agreed to the government's request.

3. On June 24, 2019, between approximately 7:30 p.m. and 8:10 p.m., my office prepared and filed on the Court's CM/ECF System the following documents: (1) Defendant's Reply in Support of Motion to Compel Production of Documents (ECF No. 62); (2) Supplemental Declaration of Ivy A. Wang (ECF No. 62-1); and (3) Exhibit J through M (ECF No. 62-2).[1] Because Mr. Gabay has sought to file Exhibits L and M under seal, only Exhibits J and K were actually included in the publicly-filed record. On June 24, 2019, at approximately 8:10 p.m., counsel for the government emailed me stating that the two exhibits that Mr. Gabay had publicly filed in support of his reply disclosed confidential and non-public information.

4. Exhibit J is a discovery letter from the government which contains multiple references to an under seal civil action and other confidential issues. My

---

[1] In addition, Mr. Gabay filed an application to file other supporting documents in part under seal and in part *in camera*. *See* ECF No. 63 (Notice of Manual Filing).

office redacted most such references from the letter prior to filing it, but inadvertently did not redact one of those references. Thus, this exhibit should be sealed from the public record.

5. Exhibit K is a document that the government produced to Mr. Gabay in discovery. The government stated in its email to me that it considered that exhibit subject to the protective order in this action and thus should not have been filed publicly. The government's blanket designation notwithstanding, Exhibit K does not appear to fall under the terms of the protective order; nonetheless, in an abundance of caution, Mr. Gabay requests that the Court seal that exhibit as well.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 24, 2019, at Los Angeles, California.

                                            */s/ Ivy A. Wang*
                                            Ivy A. Wang