BROWNE GEORGE ROSS LLP
Thomas P. O'Brien (State Bar No. 166369)
tobrien@bgrfirm.com
Ivy A. Wang (State Bar No. 224899)
iwang@bgrfirm.com
David J. Carroll (State Bar No. 291665)
dcarroll@bgrfirm.com
Nathan F. Brown (State Bar No. 317300)
nbrown@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendant
Arman Gabaee, aka "Arman Gabay"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ARMAN GABAEE aka "Arman Gabay,"<br><br>Defendant. | Case No. 2:18-cr-00331-GW<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR REVIEW OF MAGISTRATE COURT'S DENIAL OF MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE**<br><br>Judge: Hon. George H. Wu<br>Date: June 27, 2019<br>Time: 9:30<br>Crtrm.: 9D<br><br>Trial Date: September 10, 2019<br>Status Conference: August 29, 2019 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. The Magistrate Erred By Failing to Consider Whether Mr. Gabaee Has Any Intention or Inclination To Flee .......... 2

B. The § 3142(g) Factors Demonstrate that Mr. Gabaee Is Not A Flight Risk .......... 4

C. The Magistrate Erred In Denying Mr. Gabaee's Request Based on His Reasons for Travel .......... 7

D. The Proposed Modifications to the Release Conditions Reasonably Assure Mr. Gabaee's Return to the United States .......... 7

III. CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Page**

## CASES

*Truong Ding Hung v. United States*, 439 U.S. 1326 (Brennan, Circuit Justice 1978) ........ 1, 2, 3, 5

*United States v. Ali*, 793 F. Supp. 2d 386 (D.D.C. 2011) ........ 8

*United States v. Bohn*, 330 F. Sup. 2d 960, 961 (W.D. Tenn. 2004) ........ 8

*United States v. Botero*, 604 F. Supp. 1028 (S.D. Fla. 1985) ........ 8

*United States v. Cohen*, No. C-10-00547-SI, 2010 WL 5387757 (N.D. Cal. Dec. 20, 2010) ........ 8

*United States v. Gebro*, 949 F.2d 1118 (9th Cir. 1991) ........ 4

*United States v. Georgiou*, No. 08-1220-M, 2008 WL 4306750 (E.D. Pa. Sept. 22, 2008) ........ 8

*United States v. Howard*, 793 F.3d 1113 (9th Cir. 2015) (Kozinski, J. concurring) ........ 7

*United States v. Kazeem*, No. 1:15-CR-00172-AA-1, 2015 WL 4645357 (D. Or. Aug. 3, 2015) ........ 8

*United States v. Morrison*, No. 16-MR-118, 2016 WL 7421924 (W.D.N.Y. Dec. 23, 2016) ........ 8

*United States v. Motamedi*, 767 F.2d 1403 ........ 5

*United States v. Stroh*, No. 396 CR 139-AHN, 2000 WL 1832956 (D. Conn. Nov. 3, 2000) ........ 8

## TABLE OF AUTHORITIES
(Continued)

Page

*United States v. White*,
No. 3-18-CR-00025-NKMJCH, 2018 WL 5291989 (N.D. Cal. Oct. 19, 2018) ..... 5

*United States v. Winsor*,
785 F.2d 755 (9th Cir. 1986) ..... 4, 6, 7

*United States v. Young*,
No. 2:12-CR-502-TC-DBP, 2013 WL 12131300 (D. Utah Aug. 27, 2013) ..... 6, 8

**STATUTES**

18 U.S.C. § 3142(c)(1)(B) ..... 4

18 U.S.C. § 3142(g) ..... *passim*

18 U.S.C. § 3142(j) ..... 4, 7

**OTHER AUTHORITIES**

Extradition Law, 5714-1954, 8 LSI 144 (1953-1954) (Isr.) ..... 8, 9

Kodikas Poinikes Dikonomias [Kpoi.D.][Code of Criminal Procedure], (Greece) ..... 9

## I. INTRODUCTION

The government does not dispute that in order to properly deny Defendant Arman Gabaee's motion, the Magistrate Court was required to find that Mr. Gabaee would be a flight risk on his proposed trip. Rather, the government contends that the Magistrate Court properly determined that Mr. Gabaee was a flight risk merely because he would have the opportunity to flee on his trip—not because he would be inclined to do so. The government's argument is contrary to both Supreme Court precedent and the language of 18 U.S.C. § 3142(g) itself. In *Truong Ding Hung v. United States*, 439 U.S. 1326 (Brennan, Circuit Justice 1978), the Supreme Court specifically held that for a defendant to be a flight risk, the government must show not only show that the defendant would have the opportunity to flee, but also that he would be inclined to do so. Further, 18 U.S.C. § 3142(g) specifically requires a judge to look at factors such as the defendant's character, past conduct, family ties, and community ties to determine whether the defendant is a flight risk. Each of these factors bears solely on the defendant's inclination or incentive to flee, not his opportunity to do so.

Furthermore, contrary to the government's argument, the § 3142(g) factors strongly suggest that Mr. Gabaee is not a flight risk on his proposed trip and, therefore, denying his request constitutes an unduly restrictive condition of release. Mr. Gabaee is a United States citizen and has lived here for over forty years. His whole life, including his business, his wife, his father, and his children, is here in the United States. In addition, since becoming aware of the allegations against him over two years ago, even prior to the indictment, Mr. Gabaee has remained in the United States and has dutifully complied with his current conditions of pretrial release. The government offers no reason why Mr. Gabaee would suddenly reverse course now. Instead, the government spends nearly 16 pages merely reciting the allegations in the indictment and complaint to argue that the weight of the evidence against him would make him a flight risk. But, as Ninth Circuit case law provides, Mr. Gabaee

is innocent until proven guilty and therefore the weight of the evidence and the nature of the charges against him are the least important of the § 3142(g) factors. Moreover, neither the weight of the evidence nor the nature of the charges has changed since Mr. Gabaee's indictment, during which time Mr. Gabaee has shown no inclination of flight.

The government's other argument, that the Magistrate Court was entitled to consider whether Mr. Gabaee had good enough reasons to travel, is also without merit and without citation to any authority. The government again forgets that Mr. Gabaee is presumed innocent. It is not Mr. Gabaee who bears the burden of showing a compelling need to travel. It is the government that bears the burden to show Mr. Gabaee is a flight risk. The government has not met that burden.

Finally, the government's insistence that the videotaped and notarized extradition waiver, which the government itself proposed, would be unenforceable is of no moment because Mr. Gabaee is not a flight risk to begin with. Nevertheless, such waivers are likely enforceable in Israel and Greece. Even if they are not, Israel's and Greece's domestic laws ensure a speedy extradition process that would promptly return Mr. Gabaee to the United States to face trial.

## II. ARGUMENT

### A. The Magistrate Erred By Failing to Consider Whether Mr. Gabaee Has Any Intention or Inclination To Flee

The government concedes that in order to properly deny Mr. Gabaee's motion, the Magistrate Court was required to find that Mr. Gabaee would be a flight risk on his proposed trip. *See* Opp. at 20 ("[T]he Court Need Only Find a 'Risk' of Flight…"). However, the government argues that in determining whether Mr. Gabaee would be a flight risk, it was sufficient for the Magistrate Court to find only that Mr. Gabaee would have the opportunity to flee on his proposed trip, not that he would be inclined to flee. The government's argument is squarely foreclosed by Supreme Court precedent and belied by the factors enumerated in 18 U.S.C. §

3142(g).

First, in *Truong Ding Hung v. United States*, 439 U.S. 1326 (Brennan, Circuit Justice 1978), the Supreme Court specifically held that a defendant is not a flight risk where the facts and evidence merely "suggest opportunities for flight," but do not "establish any inclination on the part of the application to flee." *Id.* at 1329. *Hung* controls the outcome in this case and the government's arguments to the contrary are without merit. The government contends that, unlike here, *Hung* involved a post-conviction order of detention. But the government provides no explanation why the flight-risk inquiry should be more harsh on a pre-trial defendant. In fact, common sense dictates that flight-risk concerns would be presumptively greater *after* the defendant has been convicted and is facing a certain sentence. *See* 18 U.S.C. § 3143(a) (after conviction burden is on the defendant to show he is a not a flight risk pending appeal); Fed. R. Crim. P. 46(c) (same). The government also speculates that the Court in *Hung* was concerned with detaining a defendant on an underdeveloped record. But there is nothing in the opinion—and nothing that the government has cited—to support this claim. In fact, the Court appears to have relied on a bevy of evidence to determine that the defendant was not a flight risk. *See id.* at 1329 (discussing evidence as to defendant's compliance with pretrial bail, history of residence in the country, ties to the community, and affidavits attesting to his character).

Second, the plain language of 18 U.S.C. § 3142(g) also reinforces the conclusion that the Magistrate Court was required to find that Mr. Gabaee would be inclined, not just be able, to flee on his proposed trip. Under this subsection, the appropriate factors to consider in determining the conditions of pretrial release are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). Each of the first three

factors relates to a defendant's likely inclination or motivation to flee, not his opportunity or ability to abscond, and the final factor has no application to this case.

In an apparent attempt to sidestep *Hung* and the § 3142(g) factors, the government proposes a novel interpretation of § 3142(g) that appears to dispose of the flight risk requirement altogether. Specifically, the government argues that because § 3142(c) requires that the conditions of release "reasonably assure the appearance of the person as required," then "[t]he only issue is whether Judge Rosenberg's order regarding international travel presents a reasonable condition of release." Opp. at 20-21. The government misreads the statute. The word "reasonably" in § 3142(c) is an adverb that modifies the verb "assure," not an adjective that modifies the noun "conditions." Put another way, "reasonably" describes how strongly assured the defendant's appearance must be; it does not describe the type of conditions a judge may impose and it does not mean that a court may impose any "reasonabl[e]" condition it wants. Indeed, such a reading would directly contradict 18 U.S.C. § 3142(c)(1)(B), which mandates pretrial release on the "*least restrictive* condition or combination of conditions that will reasonably assure the appearance of the person as required." *United States v. Gebro*, 949 F.2d 1118, 1121 (9th Cir. 1991) (emphasis added).

**B. <u>The § 3142(g) Factors Demonstrate that Mr. Gabaee Is Not A Flight Risk</u>**

Contrary to the government's claim, the § 3142(g) factors weigh strongly in favor of the conclusion that Mr. Gabaee is not a flight risk on his proposed trip and that, therefore, denying his travel request would constitute an unduly restrictive condition. The government relies heavily on the "nature and circumstances of the offense charged" and the "weight of the evidence" factors, spending the majority of its brief doing what it admits is little more than recounting the unproven allegations

in the indictment and the complaint. *See* Opp. at 2 n.1.[1] But those allegations aren't important here because "[s]ection 3142 neither requires nor permits a pretrial determination that the person is guilty." *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986); *see also* 18 U.S.C. § 3142(j) ("Nothing in this section shall be construed as modifying for limiting the presumption of innocence."). As such, "[t]he weight of the evidence is the least important of the [§ 3142(g)] factors" and "[t]he nature of the offense and evidence of guilt is relevant only in terms of the likelihood that the person will fail to appear or will pose a danger to the community." *United States v. White*, No. 3-18-CR-00025-NKMJCH, 2018 WL 5291989, at *4 (N.D. Cal. Oct. 19, 2018). The government itself seemed to have conceded that the nature of the accusations and offenses in this case do not make Mr. Gabaee a flight risk when it withdrew its detention request at the arraignment. *See* Dkt. #7.

On the other side of the balance, the "history and characteristics" factor weighs heavily in favor of granting the proposed modifications. This factor considers Mr. Gabaee's "family ties, employment, financial resources, length of residence in the community, [and] community ties," and well as his "past conduct…and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g). Here, Mr. Gabaee has resided in the United States for over forty years. Dkt. #57, Gabaee Decl. ¶ 3. He is a citizen of the United States and no other country. *Id.* His wife, his father, his brother, and his three children are all citizens and permanent residents of the United States. *Id.* ¶ 4. His extremely successful real estate empire, which he has spent almost his entire adult life building and continues to run, operates only here in the United States. *Id.* ¶¶ 5-6. In addition, Mr. Gabaee was aware of the government's investigation for over a year before the indictment

---

[1] Mr. Gabaee cannot fairly and fully dispute all of the government's evidence and its entire case on this motion to modify Mr. Gabaee's release conditions. Nor can he be expected to reveal his defenses and trial strategies at this juncture.

against him and yet he did not flee. *See* Gabaee Decl. ¶ 2. Then, after he was released on conditions, he again remained in the United States and dutifully complied with his release conditions for over a year. Dkt. #50. This past conduct compliance with release conditions convincingly demonstrates that Mr. Gabaee is not a flight risk. *See Hung*, 439 U.S. at 1329; *United States v. Motamedi*, 767 F.2d 1403.

The government can only point out that Mr. Gabaee is a man of substantial means and quibble with the wording of his declarations. But Mr. Gabaee has negated any concern about his wealth and ability to abscond through his conduct over the last two years. Mr. Gabaee's wealth is not a new development and, if he desired to flee, he could have attempted to do so at any time since he became aware of the charges against him over two years ago. Further, Mr. Gabaee need not prove the negative that he does not maintain assets or funds abroad. Rather, the "government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk." *Winsor*, 785 F.2d at 757. They have not done so.

The only case the government cites to support its claim that Mr. Gabaee is a flight risk due to his wealth, *United States v. Young*, No. 2:12-CR-502-TC-DBP, 2013 WL 12131300, (D. Utah Aug. 27, 2013), is factually inapposite. Importantly, in *Young*, the government actually provided evidence that the defendant maintained substantial funds abroad. *Id.* ("Investigators . . . have documented hundreds of thousands of dollars wired from [defendant's company] to various Lebanese bank accounts in the past several years"). In addition, the defendant in *Young* had much weaker ties to the United States and far stronger ties abroad. Specifically, the *Young* defendant (1) traveled extensively to other countries; (2) was a permanent resident of Lebanon; (3) had a wife who was a Lebanese citizen and a son who attended school in Lebanon; and (4) had a home in Lebanon. *Id.* at *7. The court also specifically noted that the United States did not have an extradition treaty with Lebanon and that the defendant was uniquely positioned to evade capture because

his business "revolve[d] around identifying security gaps and threats" and his company had an "extensive network of clandestine security professionals with specialized knowledge of aviation and port security." *Id.*

### C. **The Magistrate Erred In Denying Mr. Gabaee's Request Based on His Reasons for Travel**

It was improper for the Magistrate Court to ignore the § 3142(g) factors, which show that Mr. Gabaee is not a flight risk, and deny his request because it did not feel that his trip was important enough. The statute makes clear that the Magistrate Judge Court could only consider whether the conditions of release would reasonably assure (1) the appearance of the person as required and (2) the safety of any other person and the community. 18 U.S.C. § 3142(g); *see also United States v. Howard*, 793 F.3d 1113 (9th Cir. 2015) (Kozinski, J. concurring) ("According to our law, there are only two considerations the district court may take into account in determining whether to release a defendant and what condition to impose on such release: (a) ensure that he is not a flight risk; and (b) ensure that he is not a danger to the community."). The government does not provide any authority to the contrary. Instead, the government states without citation that courts "routinely consider a defendant's purpose for travel" and determine whether it is for a "compelling reason." Dkt. #61 at 23. While as a matter of practice some courts might consider a compelling reason for travel to override a potential flight risk, the government provides no authority for the proposition that a defendant must justify travel when he is not a flight risk to begin with. The government again forgets that Mr. Gabaee is still presumed innocent. 18 U.S.C. § 3142(j). It is the government that bears the burden of showing that Mr. Gabaee is a flight risk in order to restrict his travel. The government has failed to meet that burden. *Winsor*, 785 F.2d at 757.

### D. **The Proposed Modifications to the Release Conditions Reasonably Assure Mr. Gabaee's Return to the United States**

The outcome of Mr. Gabaee's motion does not in any way turn on the

enforceability of the proposed waiver of extradition. Mr. Gabaee's motion should be granted because it is clear that he is not a flight risk in the first place. Nevertheless, the government's new position that the videotaped and notarized extradition waiver, which the government itself proposed, is worthless lacks merit. *See* Dkt. #44.

None of the cases cited by the government hold that an anticipatory extradition waiver is *per se* unenforceable in either Israel or Greece. Each case merely shows an example where the court determined that other indicia of flight risk, which are not present here, could not be overcome by an anticipatory extradition waiver. Specifically, all of the cases involved a defendant who was either a citizen of, or had extremely close ties with, a foreign country. *See United States v. Morrison*, No. 16-MR-118, 2016 WL 7421924, at *4 (W.D.N.Y. Dec. 23, 2016) (Canadian citizen with Canadian passport); *United States v. Kazeem*, No. 1:15-CR-00172-AA-1, 2015 WL 4645357, at *3 (D. Or. Aug. 3, 2015) (Nigerian citizen with Nigerian passport); *Young*, 2013 WL 12131300, at *7 (Lebanese resident married to a Lebanese citizen); *United States v. Ali*, 793 F. Supp. 2d 386, 392 (D.D.C. 2011) (citizen of Somalia with no ties to United States); *United States v. Cohen,* No. C-10-00547-SI, 2010 WL 5387757, at *9 n.11 (N.D. Cal. Dec. 20, 2010) (Israeli citizen); *United States v. Georgiou*, No. 08-1220-M, 2008 WL 4306750, at *2-3 (E.D. Pa. Sept. 22, 2008) (Canadian citizen); *United States v. Bohn*, 330 F. Sup. 2d 960, 961 (W.D. Tenn. 2004) (Vanuatuan citizen); *United States v. Stroh*, No. 396 CR 139-AHN, 2000 WL 1832956, at *5 (D. Conn. Nov. 3, 2000) (Columbian citizen with no ties to the United States); *United States v. Botero*, 604 F. Supp. 1028, 1035 (S.D. Fla. 1985) (Columbian citizen). Moreover, three of the cases also involved defendants attempting to go to countries that did not have extradition treaties with the United States at all. *Young*, 2013 WL 12131300, at *7 (Lebanon); *Ali*, 793 F. Supp. 2d at 392 (Somalia); *Bohn*, 330 F. Supp. 2d at 961 (Vanatu).

Further, neither the government nor its cited cases acknowledge or discuss Israel's or Greece's domestic law on extradition. Israeli domestic law specifically provides that a "wanted person may, *at any time*, submit a written application to the Minister of Justice to return to the requesting state in order to stand trial there . . . ." Extradition Law, 5714-1954, 8 LSI 144, § 20B (1953-1954) (Isr.). As such, an anticipatory application would likely be enforceable there. After such an application is submitted, the Israeli authorities would have to return Mr. Gabaee to the United States within 15 days. *Id.* § 20B(b).[2] Similarly, Greece's domestic laws provide for the quick return of fugitives even in the absence of an extradition waiver. All in all, the process for extraditing a fugitive under the domestic Greek laws appears to take only twenty-five days from arrest to extradition. *See* Kodikas Poinikes Dikonomias [Kpoi.D.][Code of Criminal Procedure], art. 445-451(c) (Greece); Dkt. #57 at 8. Thus, under the domestic laws of both Israel and Greece, Mr. Gabaee would be returned quickly to the United States with or without an enforceable extradition waiver.

## III. CONCLUSION

For the foregoing reasons, Mr. Gabaee respectfully requests that the Court modify his conditions of release to extend his permissible areas of travel from July 19, 2019 through August 7, 2019.

[2] If there are "special circumstances that justify the delay," the Israeli Attorney General may apply for one additional 15 day extension. Extradition Law, 5714-1954, 8 LSI 144, § 20B(b).

Dated: June 26, 2019

BROWNE GEORGE ROSS LLP
   Ivy A. Wang
   Thomas P. O'Brien
   David J. Carroll
   Nathan F. Brown

By:    /s/ Thomas P. O'Brien
       Thomas P. O'Brien

Attorneys for Defendant
Arman Gabaee aka "Arman Gabay"