BROWNE GEORGE ROSS LLP
Thomas P. O'Brien (State Bar No. 166369)
  tobrien@bgrfirm.com
Ivy A. Wang (State Bar No. 224899)
  iwang@bgrfirm.com
David J. Carroll (State Bar No. 291665)
  dcarroll@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Defendant
Arman Gabaee, aka "Arman Gabay"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ARMAN GABAEE aka "Arman Gabay,"<br><br>    Defendant. | Case No. 2:18-cr-00331-GW<br><br>**DEFENDANT'S UNOPPOSED *EX PARTE* APPLICATION FOR AN ORDER RE: INTERNATIONAL TRAVEL**<br><br>Judge:   Hon. George H. Wu<br><br>Trial Date:       September 10, 2019<br>Status Conference: August 29, 2019 |

      Defendant Arman Gabaee aka Arman Gabay respectfully applies *ex parte* for an order identifying all conditions and parameters of his recently-approved travel to Israel and Greece. Because Mr. Gabay anticipates departing the United States on **July 17, 2019**, and (for the reasons discussed below) has been unable to secure his passport from pretrial services to date, Mr. Gabay respectfully requests that the Court consider and grant this application at its earliest opportunity. The government

does not oppose this application. Carroll Decl. ¶ 5.

This Court recently approved Mr. Gabay traveling to Israel and Greece for approximately two-and-a-half weeks on the condition that he post an additional $10 million bond during that period. ECF No. 73. In addition, the government requested, and Mr. Gabay agreed, to execute a waiver of and consent to extradition from Israel and Greece. *See* ECF No. 69 at 2–3. However, the Court's written minute order did not identify this latter condition or the precise parameters of his travel. *See* ECF No. 73.

To eliminate any confusion regarding the conditions or precise parameters of Mr. Gabay's travel, the parties seek an order expressly identifying those conditions and parameters. Pretrial services has also informed Mr. Gabay's counsel that, in order for them to release Mr. Gabay's passport, he will need to secure an order that expressly authorizes his travel and identifies the specific parameters of that travel. Carroll Decl. ¶¶ 2–3.

In addition, while Mr. Gabay was in the process of booking his plane tickets after this Court authorized his travel, it was necessary for Mr. Gabay to book a flight that leaves the United States two days earlier than he had originally planned. *Id.* ¶ 4. Mr. Gabay previously indicated that he would be traveling between July 19, 2019, and August 7, 2019. ECF No. 75. However, in order for Mr. Gabay to avoid travel on the Sabbath (which is July 19 to 20), and to secure a direct flight to Israel without a layover in an unapproved country, Mr. Gabay was required to book a flight that departs the United States on July 17. Carroll Decl. ¶ 4. Mr. Gabay plans to arrive back in Los Angeles on August 6, 2019, although Mr. Gabay requests (at the government's suggestion) that the Court set a return date of August 8, 2019, to account for any potential flight delays. *Id.*

Finally, the government has requested that the Court order that Mr. Gabay not apply for citizenship in any country during the pendency of this case, and that he surrender his passport and Global Entry Card (and any other passports either in his

name or an alias) on the second business day after his return.  Carroll Decl. ¶ 5.  Mr. Gabay does not oppose these requests.  *Id.*

Mr. Gabay therefore respectfully requests that the Court issue an order setting the conditions and parameters of his travel based on his updated travel plans, as reflected in the proposed order attached.

Dated:  July 14, 2019

BROWNE GEORGE ROSS LLP
Thomas P. O'Brien
Ivy A. Wang
David J. Carroll

By:  /s/ Thomas P. O'Brien
Thomas P. O'Brien
Attorneys for Defendant
Arman Gabaee aka "Arman Gabay"

## DECLARATION OF DAVID J. CARROLL

1. I am an attorney licensed to practice before all courts in the State of California, and I am admitted to practice before this Court. I am an associate with the law firm Browne George Ross LLP, and I am counsel of record for Defendant Arman Gabaee aka Arman Gabay in this action.

2. On Friday, July 13, 2019, I contacted Mr. Gabay's pretrial services officer, Officer Adriana Corona-Buergo, regarding Mr. Gabay's recently-approved international travel and to request the release of Mr. Gabay's passport and Global Entry Card. Officer Corona-Buergo requested that I send to her the order authorizing his travel. After I did so and explained to her the contents of the Court's July 8, 2019 minute order, Officer Corona-Buergo indicated that Mr. Gabay may need to request an order that explicitly authorizes his travel before pretrial services could release Mr. Gabay's passport and Global Entry Card. Officer Corona-Buergo stated that she would review the minute order and confirm by Monday, July 15, 2019, whether or not that was necessary.

3. On Monday, July 15, 2019, Officer Corona-Buergo contacted me and stated that, in order for pretrial services to release his travel documents, Mr. Gabay would need to obtain an order identifying his precise travel dates and expressly directing pretrial services to release Mr. Gabay's passport and Global Entry Card.

4. After this Court granted Mr. Gabay's motion seeking authorization to travel to Israel and Greece, Mr. Gabay booked his departing and returning flights. To avoid travel on the Sabbath (July 19 to 20), and to secure a direct flight to Israel without a layover in an unapproved country, Mr. Gabay was required to book a flight that departs on July 17, 2019, which is two days earlier than the departure date he indicated to the Court in his motion papers. Mr. Gabay will arrive back in Los Angeles on August 6, 2019, which one day earlier than he previously anticipated.

5. On July 13, 2019, Thomas P. O'Brien, also counsel of record for Mr. Gabay, sent an e-mail to government counsel identifying the foregoing issues with

1  his travel and stating that Mr. Gabay would file an *ex parte* application for an order
2  setting the conditions and parameters of his international travel.  The government
3  responded that it did not object in principal to Mr. Gabay's application, but
4  requested that Mr. Gabay request that the Court include the following additional
5  items in its order: (1) Mr. Gabay must return to the United States on a particular day
6  that is one to two days following his currently-scheduled return date (to account for
7  any potential flight delays); (2) Mr. Gabay must surrender his passport and Global
8  Entry Card to pretrial services (as well as any other passports in either his name or
9  an alias) on the second business day after his return; and (3) Mr. Gabay may not
10 apply for citizenship in any country during the pendency of this case.  Mr. Gabay
11 has agreed to those additional conditions and thus requests that the Court include
12 such conditions in its order.

14 I declare under penalty of perjury that the foregoing is true and correct.
15 Executed on July 15, 2019, at Los Angeles, California.

17                                                  */s/ David J. Carroll*
                                                    David J. Carroll