NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164470)
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6077/4443
    Facsimile: (213) 894-7631
    E-mail:   ruth.pinkel@usdoj.gov
              lindsey.dotson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>ARMAN GABAEE,<br>  aka "Arman Gabay,"<br><br>       Defendant. | No. CR 18-331-GW<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT SC DATE:**      08-29-2019<br>**CURRENT TRIAL DATE:**  09-10-2019<br><br>**PROPOSED MOTION CUTOFF:** 01-16-2020<br>**PROPOSED SC DATE:**     02-24-2020<br>**PROPOSED TRIAL DATE:**  03-03-2020 |
|---|---|

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Ruth C. Pinkel and Lindsey Greer Dotson, and defendant ARMAN GABAEE ("defendant"), both individually and by and through his counsel of record, Thomas P. O'Brien and Ivy A. Wang, hereby stipulate as follows:

1. The complaint in this case was filed on May 10, 2018. The indictment was filed on May 30, 2018. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on May 16, 2018. Defendant was arraigned on June 12, 2018. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before August 8, 2018.

2. On June 12, 2018, the Court set a trial date of July 24, 2018.

3. The Court previously continued the trial date in this case from July 24, 2018 to February 26, 2019, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. 30.)

4. The Court further continued the trial date in this case from February 26, 2019 to September 10, 2019, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. 37.)

5. Defendant is released on bond. The parties estimate that the trial in this matter will last approximately 10 days.

6. By this stipulation, defendant moves to continue his trial date from September 10, 2019 to March 3, 2020. Defendant also moves to continue the status conference from August 29, 2019 to February 24, 2020, and for the Court to set a cutoff of January 16, 2020 for either party to file motions (excluding motions <u>in limine</u>).

7. This is the third request for a continuance.

8. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Counts One through Three charge defendant with Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346. Counts Four and Five charge defendant with Federal Program Bribery, in violation of 18 U.S.C. § 666(a)(2). Discovery is voluminous, including up to one terabyte of audio and video recordings and communications intercepted pursuant to two federal wiretap orders. Additionally, over 58,000 pages of written discovery have been produced.

b. Defense counsel are currently preparing for motions and trial in United States v. Li, 8:19-cr-00016-JVS, which is currently set for trial on November 12, 2019. That trial is expected to last 15 days.

c. In light of the foregoing, defense counsel also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. Defendant believes that failure to grant the continuance would deny him continuity of counsel and adequate representation.

e. The government does not object to the continuance.

f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of

the attorneys for the government or the defense, or failure on the part of the attorneys for the government to obtain available witnesses.

9. For purposes of computing the date under the Speedy Trial Act by which trial must commence, the parties agree that the time period of September 10, 2019 to March 3, 2020, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

///
///
///

10. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: July 16, 2019    Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

*/s/ Lindsey Greer Dotson*

RUTH C. PINKEL
LINDSEY GREER DOTSON
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

///
///
///

5

1  I am defendant ARMAN GABAEE's attorney. I have carefully
2  discussed every part of this stipulation and the continuance of the
3  trial date with my client. I have fully informed my client of his
4  Speedy Trial rights. To my knowledge, my client understands those
5  rights and agrees to waive them. I believe that my client's decision
6  to give up the right to be brought to trial earlier than March 3,
7  2020 is an informed and voluntary one.

_____   7/14/19
IVY A. WANG                 Date
Attorney for Defendant
ARMAN GABAEE

12  I have read this stipulation and carefully discussed it with my
13  attorney. I understand my Speedy Trial rights. I voluntarily agree
14  to the continuance of the trial date, and give up my right to be
15  brought to trial earlier than March 3, 2020.

_____   July 15, 2019
ARMAN GABAEE                Date
Defendant

6