BROWNE GEORGE ROSS LLP
Thomas P. O'Brien (State Bar No. 166369)
 tobrien@bgrfirm.com
Ivy A. Wang (State Bar No. 224899)
 iwang@bgrfirm.com
Jennie Wang VonCannon (State Bar No. 233392)
 jvoncannon@bgrfirm.com
David J. Carroll (State Bar No. 291665)
 dcarroll@bgrfirm.com
801 S. Figueroa Street, Suite 2000
Los Angeles, California 90017
Telephone: (213) 725-9800
Facsimile: (213) 725-9808

Attorneys for Defendant
Arman Gabaee, aka "Arman Gabay"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:18-cr-00331-GW |
|---|---|
| Plaintiff, | **DEFENDANT'S *EX PARTE* APPLICATION TO FILE UNDER SEAL AND *IN CAMERA*; DECLARATION OF DAVID J. CARROLL** |
| vs. | |
| ARMAN GABAEE aka "Arman Gabay," | |
| | Judge:   Hon. George H. Wu |
| Defendant. | |
| | Trial Date:             March 3, 2020 |
| | Status Conference: February 24, 2020 |

**TO THE HONORABLE COURT AND ALL PARTIES:**

**PLEASE TAKE NOTICE** that Defendant Arman Gabaee aka "Arman Gabay" respectfully applies *ex parte* for leave: (1) to file under seal his reply in support of his motion to compel production of documents ("Reply") and all

supporting documents because they discuss other uncharged criminal investigations, confidential sources used by the government, and a federal wiretap order that was filed under seal; and (2) to file *in camera* portions of the Reply and supporting documents discussing or suggesting specific defense theories and strategies that Mr. Gabay may pursue.

This application is based on the attached memorandum of points and authorities, the declaration of David J. Carroll and its attached exhibits, all other documents and records on file in this action, and any other evidence or argument that the Court may accept at any hearing on this application.

Mr. Gabay's counsel provided notice to government counsel of their intent to file this application. Carroll Decl. ¶ 3, Ex. 3. The government responded that it does not oppose filing under seal, but that it opposes any *in camera* filing. *Id.*

Dated: November 7, 2019

BROWNE GEORGE ROSS LLP
Thomas P. O'Brien
Ivy A. Wang
Jennie Wang VonCannon
David J. Carroll

By: /s/ Thomas P. O'Brien
Thomas P. O'Brien
Attorneys for Defendant
Arman Gabaee aka "Arman Gabay"

## MEMORANDUM OF POINTS AND AUTHORITIES

This Court previously granted Defendant Arman Gabaee aka Arman Gabay's application both to file under seal his motion to compel and its supporting documents, and to file *in camera* portions of that motion discussing his defense strategy. ECF No. 92. For the same reasons that he sought to file those documents under seal and *in camera*, Mr. Gabay now seeks to file under seal his reply in support of that motion to compel ("Reply") and its supporting documents, and to file portions of the Reply and supporting documents *in camera*.

### I. Under Seal Filing

Mr. Gabay seeks to file his Reply and all supporting documents under seal for two reasons: (1) the Reply references and quotes extensively from the pleadings and documents filed by the government to obtain two wiretap orders, which remain sealed with this Court and were disclosed to the defense only under a protective order; and (2) the Reply and supporting documents reference specific confidential informants that have provided the government with information, and also reference federal criminal investigations that the government has or may have undertaken but that have not resulted in public criminal charges. The Court granted Mr. Gabay's prior application to file his moving papers under seal for these exact reasons, and those same reasons justify filing his Reply (and supporting documents) under seal.

### II. *In Camera* Filing

As Mr. Gabay did with the motion to compel, Mr. Gabay seeks to file portions of the Reply and supporting documents *in camera* because they reveal Mr. Gabay's defense strategy.

It is well-established that "the government [is not] entitled to know in advance specifically what the [defendant's] defense is going to be," and that "[a] defendant needn't spell out his theory of the case in order to obtain discovery." *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013). Consequently, the Ninth Circuit has approved the practice of filing *in camera* those

portions of a defense discovery request that would divulge the defendant's trial strategy. *United States v. Sleugh*, 896 F.3d 1007, 1012, 1017 (9th Cir. 2018) (noting that "concern[s] about revealing defense strategies to the government" generally justifies filing Rule 17(c) subpoena requests *in camera*).

      Here, Mr. Gabay's motion seeks to compel the government to produce information provided by confidential sources, as well as documents from other federal criminal investigations. In discussing why he is entitled to those documents, Mr. Gabay must (and does) disclose and explain the manner in which he intends to use them to support his defense. This includes attaching evidence to the reply demonstrating how the requested discovery fits within his broader defense theory. But because the government is not entitled to know Mr. Gabay's defense strategy in advance of trial, the Court should permit Mr. Gabay to file those specific portions of the Reply and supporting documents *in camera*.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

For the foregoing reasons, Mr. Gabay requests that the Court grant him leave (1) to file under seal the Reply and all supporting documents; and (2) to file *in camera* (a) portions of the Reply discussing specific defense theories and strategies that Mr. Gabay may pursue; (b) portions of the Supplement Declaration of David J. Carroll identifying prior discovery produced by the government that Mr. Gabay may use to support his entrapment defense; and (c) the evidence itself.[1]

Dated:  November 7, 2019

BROWNE GEORGE ROSS LLP
Thomas P. O'Brien
Ivy A. Wang
Jennie Wang VonCannon
David J. Carroll

By:  /s/ Thomas P. O'Brien
Thomas P. O'Brien
Attorneys for Defendant
Arman Gabaee aka "Arman Gabay"

---

[1] If the Court denies this application, Mr. Gabay requests that the Court destroy (or return to defense counsel) the copies of the Reply and supporting documents and **not** file them in any public record.

## DECLARATION OF DAVID J. CARROLL

I, David J. Carroll, declare as follows:

1. I am an attorney licensed to practice before all courts in the State of California, and I am admitted to practice before this Court. I am an associate with the law firm of Browne George Ross LLP, and I am counsel of record for Defendant Arman Gabaee aka Arman Gabay in the above-captioned case.

2. Attached hereto are the following documents:

   a. **Exhibit 1**: Defendant's reply in support of motion to compel production of documents and the supplemental declaration of David J. Carroll, to be filed in its entirety under seal; and

   b. **Exhibit 2**: Defendant's reply in support of motion to compel production of documents and the supplemental declaration of David J. Carroll, to be filed in camera.[2]

3. On November 7, 2019, my office informed government counsel of Mr. Gabay's intent to file this *ex parte* application. The government responded that it does not oppose filing under seal, but that it opposes any *in camera* filing. Attached hereto as **Exhibit 3** is a true and correct copy of counsel's e-mail exchange.

//
//
//
//
//

---

[2] Exhibit 1 is a copy of the Reply and supplemental declaration with the portions relating to Mr. Gabay's defense strategy fully redacted. Exhibit 2 is a copy of the same Reply and supplemental declaration but with those portions relating to defense strategy highlighted in yellow.

4.     Mr. Gabay's counsel has publicly filed this application, but has attached only Exhibit 3 and no other exhibits to that publicly-filed version.  Mr. Gabay has served the government with a copy of this application and Exhibits 1 and 3; Mr. Gabay has not served the government with Exhibit 2, which is intended to be filed *in camera* only.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 7, 2019, at Los Angeles, California.

                */s/ David J. Carroll*
                David J. Carroll