NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164770)
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6077/4443
    Facsimile: (213) 894-7631
    E-mail:    ruth.pinkel@usdoj.gov
               lindsey.dotson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>ARMAN GABAEE,<br>  aka "Arman Gabay,"<br><br>            Defendant. | No. CR 18-331-GW<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S UNDER SEAL AND *IN CAMERA* APPLICATION AND DOCUMENTS |

    Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorneys Ruth C. Pinkel and
Lindsey Greer Dotson, hereby files its opposition to defendant ARMAN
GABAEE's under seal and in camera application and documents (see dkt.
108) (collectively, the "in camera request"). To the extent that
defendant seeks to obtain relief pursuant to Federal Rule of Criminal
Procedure 17 as discovery requests, the government objects to such

requests (including any requests for subpoenas) as an improper use of Rule 17 and asks the Court to deny defendant's <u>in camera</u> request. Alternatively, if the Court grants the relief, and to the extent such relief involves subpoenas seeking documents from a federal agency, local law enforcement agency, or witness, the government asks that the United States Attorney's Office (the "USAO") be allowed to consult with any such agency or witness about compliance with the subpoena.

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 3, 2019            Respectfully submitted,

                                   NICOLA T. HANNA
                                   United States Attorney

                                   BRANDON D. FOX
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                   _____/s/_____
                                   RUTH C. PINKEL
                                   LINDSEY GREER DOTSON
                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                                    PAGE

TABLE OF AUTHORITIES.................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES.................................1

I.    INTRODUCTION...................................................1

II.   STATEMENT OF FACTS.............................................3

III.  ARGUMENT......................................................4

      A.    The Government Has Standing to Oppose Defendant's In
            Camera Request...........................................4

      B.    General Requirements for Rule 17 Subpoenas...............7

      C.    Rule 17(c) Subpoenas Cannot Be Used to Seek Discovery.....8

      D.    No Exceptional Circumstances Justify Ex Parte
            Procedure in the Instant Matter.........................13

      E.    The Requested Subpoenas and Related Materials Should
            Be Unsealed and Disclosed to the Prosecution Team and
            Investigating Agents....................................14

IV.   CONCLUSION...................................................14

i

<b><u>TABLE OF AUTHORITIES</u></b>

<u>DESCRIPTION</u>                                                                    <u>PAGE</u>

<u>CASES</u>

<u>Bowman Dairy Co. v. United States</u>
      341 U.S. 214 (1951)............................................8

<u>Brady v. Maryland</u>
      373 U.S. 83 (1963).............................................9

<u>Giglio v. United States</u>
      405 U.S. 150 (1972).........................................9, 12

<u>In re Grand Jury</u>
      619 F.2d 1022 (3d Cir. 1980)...................................5

<u>United States v. Beckford</u>
      964 F. Supp. 1010 (E.D. Va. 1997)....................10, 11, 13

<u>United States v. Bran</u>
      2013 WL 1193338 (E.D. Va. Mar. 22, 2013).....................13

<u>United States v. Cuthbertson</u>
      651 F.2d 189 (3d Cir. 1981)..................................10

<u>United States v. Eden</u>
      659 F.2d 1376 (9th Cir. 1981)..................................5

<u>United States v. Fields</u>
      663 F.2d 880 (9th Cir. 1981)...................................9

<u>United States v. Henthorn</u>
      931 F.2d 29 (9th Cir. 1991)..................................12

<u>United States v. Hughes</u>
      895 F.2d 1135 (6th Cir. 1990)..............................5, 10

<u>United States v. Jenkins</u>
      895 F. Supp. 1389 (D. Haw. 1995)...........................5, 14

<u>United States v. Murillo</u>
      No. CR 05-1111(A)-RGK (C.D. Cal. 2007).......................11

<u>United States v. Nixon</u>
      418 U.S. 683 (1974).....................................7, 8, 9, 10

<u>United States v. Noriega</u>
      764 F. Supp. 1480 (S.D. Fla. 1991)............................7

<u>United States v. Norris</u>
      CR 12-450-JFW (C.D. Cal. 2012)...............................11

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                    PAGE

United States v. Orena
       883 F. Supp. 849 (E.D.N.Y. 1995)....................................5

United States v. Raineri
       670 F.2d 702 (7th Cir. 1982)........................................5

United States v. Reed
       726 F.2d 570 (9th Cir. 1984)........................................9

United States v. Richardson
       607 F.3d 357 (4th Cir. 2010)........................................9

United States v. Roach, et al.
       CR 12-165-PSG (C.D. Cal. 2012).....................................12

United States v. Ruedlinger
       172 F.R.D. 453 (D. Kan. 1997).......................................5

United States v. Savoca
       2004 WL 1179312 (S.D.N.Y. Mar. 29, 2004)............................6

United States v. Segal
       276 F. Supp. 2d 896 (N.D. Ill. 2003)................................5

United States v. Smith
       245 F.R.D. 605 (N.D. Ohio 2007).....................................6

United States v. Vasquez
       258 F.R.D. 68 (E.D.N.Y. 2009).......................................6

United States v. Whittig
       250 F.R.D. 548 (D. Kan. 2008).......................................6

**FEDERAL STATUTES**

18 U.S.C. § 3500...........................................................10

28 U.S.C. § 516.............................................................4

**FEDERAL RULES**

Fed. R. Crim. P. 1..........................................................4

Fed. R. Crim. P. 16...................................................passim

Fed. R. Crim. P. 17...................................................passim

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant ARMAN GABAEE is a prominent real estate developer who, for years, secured lucrative business deals with the County of Los Angeles (the "County") by paying bribes and kickbacks to a County official.  A federal grand jury has charged defendant with three counts of Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346, and two counts of Federal Program Bribery, in violation of 18 U.S.C. § 666(a)(2).  Trial is set for March 3, 2020.

Defendant has filed in camera and under seal an application and documents (see dkt. 108), and despite a request from the government to know the nature of the filing, defendant declined to provide any such details.  Accordingly, the government is not privy to the contents of the filing.  Nevertheless, it appears that defendant has likely embarked on an impermissible discovery and pretrial investigation in violation of the Federal Rules of Criminal Procedure.  Courts faced with similar requests by defendants have held that such improper fishing expeditions should be denied.  This Court should deny defendant's requested relief for two reasons.

First, to the extent defendant's secret filing is pursuant to Federal Rule of Criminal Procedure 17, the in camera request is a disguised discovery device intended to misuse Rule 17(c).  This device would allow defendant to circumvent the rules of discovery outlined in Federal Rule of Criminal Procedure 16 and potentially obtain materials that may otherwise be protected from disclosure.  Unlike Rule 16 addressing pretrial discovery, Rule 17(c) is meant to expedite the trial (by providing a time and place before trial for the inspection by both parties of evidence to be admitted at trial).

In order to justify such subpoenas, defendant must show that the items are not available from any other source, such as through a discovery request to the government.  (And to the extent that defendant seeks documents from the government which have not been produced, the proper vehicle to litigate this dispute is through a motion to compel, not an _in camera_ application for a Rule 17 subpoena.)  Given that the trial is not until March 3, 2020, the _in camera_ request is unlikely to be for the purpose of expediting trial or for seeking evidence unobtainable from other sources.  Rather, the _in camera_ request is more likely a fishing expedition in plain violation of the Federal Rules of Criminal Procedure.

Second, the _in camera_ request should be denied because it is an improper use of _ex parte_ procedure.  Case law approves _ex parte_ relief only upon a showing of "exceptional circumstances."  There are no exceptional circumstances here because protection of trial strategy does not qualify as an "exceptional" circumstance.  The defendant has a heavy burden to meet when justifying _ex parte_ relief, and the facts of this case do not support such a finding here.  For each of these reasons, defendant's _in camera_ request should be denied.

If the Court grants defendant relief pursuant to Rule 17, then the Court should permit the government to inspect the subpoenas and the items produced in response to any subpoena as contemplated by the text of Rule 17.  Fed. R. Crim. P. 17 ("The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.  When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.").

**Alternatively, if the matter is permitted to remain under seal and in camera, then the government requests that an Assistant United States Attorney -- who is not affiliated with the prosecution of this matter and who would remained walled off from the trial team -- be allowed to participate in litigation of the in camera request.**

## II.  STATEMENT OF FACTS

Defendant is a prominent real estate developer in Los Angeles and beyond who, for years, used his immense wealth to obtain lucrative contracts with the County by paying bribes and kickbacks to a County official.  After that County official became a cooperating government witness ("Cooperating Witness 1" or "CW1"), CW1 consensually recorded six bribe payments and kickbacks, totaling $6,000, from defendant.  And when defendant needed help securing a $45 million dollar lease from the County, he again turned to CW1.

During consensually recorded meetings and phone calls with CW1, defendant offered to bribe CW1 with the purchase of a million dollar home in Northern California, in exchange for CW1 helping defendant secure that $45 million County lease.  Recorded phone calls intercepted pursuant to two federal wiretap orders further captured defendant's efforts to buy a home as a bribe for CW1.  Ultimately, defendant placed not one, but two, offers on a home for CW1, only to withdraw those offers within hours of federal agents confronting defendant about his bribery scheme.

Upon defendant's request, the parties filed a stipulation to continue trial to March 3, 2020, which this Court granted.  The motions cut-off date is January 16, 2020.

On December 3, 2020, defendant filed a notice of manual filing to file documents entirely in camera and under seal.  (Dkt. 108.)  No

portion thereof is visible to the government, thereby preventing the government from filing any informed or meaningful opposition. Government counsel emailed defense counsel seeking information about the nature of defendant's <u>in camera</u> filing.  Defense counsel declined to provide any details, not even the purported basis for needing to submit the entire filing <u>in camera</u>.

**III. ARGUMENT**

> **A. The Government Has Standing to Oppose Defendant's <u>In Camera</u> Request**

As noted, defendant filed his request under seal and <u>in camera</u>, and thus, the government does not have any specifics regarding the request (beyond the assumption that it likely relates to defense investigation and may involve a request for a Rule 17(c) subpoena). While the government does not know the identity of the entities to which such subpoenas may be directed, to the extent any subpoena is directed to a federal agency, the government has standing to oppose the issuance of the subpoena.  The United States Attorney is the authorized representative of the United States and has authority to quash or oppose improper subpoenas issued to employees of the United States.  <u>See</u> 28 U.S.C. § 516 ("[T]he conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested . . . is reserved to officers of the Department of Justice, under the direction of the Attorney General."); Fed. R. Crim. P. 1(b)(1)(B) ("'Attorney for the government' means . . . a United States attorney or an authorized assistant.").  When a federal government employee, such as the General Counsel for a government agency, is subpoenaed, the USAO is the appropriate entity to appear on behalf of the agency in court.  The role of the USAO in this

4

regard has been recognized by the courts.  See United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981) (allowing the government, i.e., the USAO, to move to quash a defense subpoena served on the Department of Education); United States v. Ruedlinger, 172 F.R.D. 453, 455, 457 (D. Kan. 1997) (allowing the government, i.e., the USAO, to move to quash defense subpoenas served on Internal Revenue Service and Federal Bureau of Investigation employees).

Similarly, to the extent the in camera request seeks to subpoena a local law enforcement agency or entity, the USAO has standing to oppose such subpoena.  A party to a criminal case "has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." United States v. Raineri, 670 F.2d 702, 712 (7th Cir. 1982) (citing In re Grand Jury, 619 F.2d 1022, 1027 (3d Cir. 1980)).  Federal courts have recognized the government's legitimate interest in quashing a defendant's subpoena based upon preventing an undue lengthening of the trial, undue harassment of a witness, and prejudicial over-emphasis on a witness's credibility.  See id.; United States v. Segal, 276 F. Supp. 2d 896, 900 (N.D. Ill. 2003); United States v. Orena, 883 F. Supp. 849, 869 (E.D.N.Y. 1995); United States v. Jenkins, 895 F. Supp. 1389, 1393 (D. Haw. 1995).

Here, the government has standing based on its interest in preventing undue harassment of witnesses, as well as the victim entity in this case -- the County of Los Angeles.  See United States v. Hughes, 895 F.2d 1135, 1145-46 (6th Cir. 1990) (district court properly granted government's motion to strike Rule 17(c) subpoena to third party for pharmaceutical invoices "on the grounds that the requested documents were not relevant or admissible at trial, that

5

the defendant was engaging in a 'fishing expedition,' and that the subpoena was oppressive and unreasonable"); United States v. Vasquez, 258 F.R.D. 68, 71-72 (E.D.N.Y. 2009) (finding that the government had standing to challenge the defendant's subpoena to county police department based in part on the fact that the government had a legitimate interest in preventing the defendant from using a subpoena to obtain discovery materials that would otherwise be protected from disclosure); United States v. Smith, 245 F.R.D. 605, 611 (N.D. Ohio 2007) (finding that the government had standing to challenge the defendant's subpoena to a Catholic Diocese for records of a Diocese Bishop where the Bishop was a government witness); cf. United States v. Savoca, 2004 WL 1179312, at *2 (S.D.N.Y. Mar. 29, 2004) (where "a joint investigation has existed, and continues to exist, between the federal and local law enforcement authorities . . . the Government would have standing to make [a] motion to quash the Defendant's subpoena").

The Court also has a separate and independent "'interest in preserving the proper procedure prescribed by the Rules of Criminal Procedure, irrespective of the desires of the parties.'" United States v. Whittig, 250 F.R.D. 548, 551 (D. Kan. 2008) (citations omitted). "The Court must ensure that Rule 17(c) does not become a means of conducting general discovery, which is not permitted in criminal cases." Id. Thus, even if the Court concludes the government does not have standing (which we respectfully submit it should not), the Court may nonetheless evaluate whether the subpoenas are appropriate under Rule 17(c).

**B.   General Requirements for Rule 17 Subpoenas**

Rule 17 provides for the issuance of subpoenas to compel the testimony of witnesses at criminal proceedings and the production of evidentiary documents.  Fed. R. Crim. P. 17.  However, a subpoena duces tecum issued under Rule 17 has a limited purpose: to procure evidence that will be introduced at the attendant proceeding, usually trial.  United States v. Nixon, 418 U.S. 683, 698-99 (1974).

In Nixon, the Supreme Court held that the proponent of the subpoena must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Id. at 700.  As courts have noted, the failure to show relevance, admissibility, and specificity indicates the requested Rule 17 subpoena is an impermissible fishing expedition. See United States v. Noriega, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused.").

Nixon further provides that, even upon a showing that the subpoena seeks relevant, admissible, and specific evidence, if the subpoenaing party requests pre-trial production, a court must also consider whether the materials are "(2) . . . not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'"  418 U.S. at 699-700.

It is clear that Rule 17(c) requires a showing of relevancy, admissibility, and specificity to support a subpoena for documents. Rule 17(c)(2) allows the Court to consider a motion to quash if the subpoena is unreasonable or oppressive. Upon the filing of a motion to quash, it is the defendant's burden to show the requested documents are relevant, admissible, and the request is sufficiently specific. Nixon, 418 U.S. at 700. As discussed more fully below, defendant cannot meet his burden if the subpoena is for a purpose beyond the scope of Rule 17, such as to gather "discovery" information. If the subpoena is nothing more than a "fishing expedition" and the documents are available from another source, such as discovery from the government, it is unreasonable and oppressive and should not be issued.

**C.   Rule 17(c) Subpoenas Cannot Be Used to Seek Discovery**

Courts have long held that, given the detailed rules set forth in Rule 16 regarding the government's disclosure obligations before and during trial, a defendant may not circumvent Rule 16 by seeking broader discovery through the use of Rule 17(c) subpoenas to government agencies. As the Supreme Court long ago made clear in Bowman Dairy Co. v. United States, "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms. . . . Rule 17(c) was not intended to provide an additional means of discovery." 341 U.S. 214, 220 (1951). As a result, Rule 17(c) subpoenas in general are not proper if "intended as a general 'fishing expedition.'" Nixon, 418 U.S. at 700. "[Rule 17's] chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." Bowman Dairy, 341 U.S. at 220. Hence, any

8

attempt to justify the subpoena as a method to obtain documents and objects "material to preparing the defense" pursuant to Rule 16(a)(1)(E)(i), is to no avail.

The Ninth Circuit in United States v. Reed, 726 F.2d 570, 577 (9th Cir. 1984), determined the district court properly quashed a Rule 17 subpoena where the defendant had sought entire arson investigation files, not specific documents.  The Reed court stated, "Rule 17(c) was not intended as a discovery device, or to 'allow a blind fishing expedition seeking unknown evidence.'"  Id. (quoting United States v. MacKey, 647 F.2d 898, 901 (9th Cir. 1981)).  The Reed court also commented that the defendant did not establish relevance or admissibility of the subpoenaed files.  Id.  The instant subpoena, like the one in Reed, may seek a large swath of documents (such as an employee's personnel file), not specific records.  If the subpoena does seek a large variety of documents, it is unclear how such an array of documents would be admissible.  See id.; see also United States v. Richardson, 607 F.3d 357, 368 (4th Cir. 2010) ("[T]he subpoena duces tecum is not intended to provide a means of pretrial discovery . . . .").

The Ninth Circuit does not stand alone in quashing Rule 17 subpoenas in those instances where a subpoena goes beyond those limited Nixon circumstances.  Subpoenas seeking pre-trial discovery such as material otherwise governed by the Jencks Act, Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), are routinely quashed.  See Nixon, 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."); United States v. Fields, 663 F.2d 880, 881 (9th Cir. 1981) (where

9

defendant's purpose for seeking Rule 17(c) subpoena was to obtain impeachment material, subpoena was improper); United States v. Hughes, 895 F.2d 1135, 1145-46 (6th Cir. 1990) (finding a Rule 17(c) subpoena to a third party for impeachment material improper); United States v. Cuthbertson, 651 F.2d 189, 195 (3d Cir. 1981) (Rule 17(c) subpoenas not available to obtain exculpatory (Brady) material in possession of prosecution or hearsay evidence that could only be used for impeachment); see also Fed. R. Crim. P. 17(h) (precluding from production via Rule 17 subpoena a witness's prior statements, which are governed by Rule 26.2 and the Jencks Act, 18 U.S.C. § 3500).

Defendant has the burden to establish admissibility of the materials, the relevance of the materials sought by the subpoena, and that the subpoena request is a specific one. Nixon, 418 U.S. at 700. Failure to establish any one of the elements specifically makes quashing the subpoena appropriate. Information in the possession, custody and control of the government that falls under its Brady or Giglio disclosure obligations is not the type of material a Rule 17(c) subpoena was designed to reach. See Cuthbertson, 651 F.2d at 195.

Finally, if the information sought is actually an attempt to gain "discovery" that could potentially be disclosed in the discovery process, defendant has not shown the information is not otherwise reasonably procurable in advance of trial, one of the Nixon components. Nixon, 418 U.S. at 699. In United States v. Beckford, 964 F. Supp. 1010 (E.D. Va. 1997), the district court issued 12 subpoenas ex parte and under seal. The government challenged seven of the subpoenas because, the government argued, they sought pre-trial discovery. The court acknowledged that "[t]he Government

10

correctly notes that a Rule 17(c) subpoena duces tecum is improper where it calls for the production of <u>Brady</u>, <u>Jencks</u>, or <u>Giglio</u> material." <u>Id.</u> at 1031. As the <u>Beckford</u> court noted, materials subject to disclosure in discovery would not be materials the <u>Nixon</u> court described as "not otherwise procurable reasonably in advance of trial." <u>Id.</u> at 1032.

In a case in this district, <u>United States v. Norris</u>, No. CR 12-450-JFW, involving a defendant's attempt to improperly use Rule 17 as a discovery tool, the Honorable John F. Walter, United States District Judge, issued an order denying an <u>ex parte</u> application requesting the issuance of the improper subpoenas. (CR 12-450-JFW Dkt. 28.) In that case, defendant sought "entire categories of documents instead of specific documents" and made no showing of the relevancy of the requested documents. (<u>Id.</u>) Such requests constituted discovery requests and were wholly inappropriate under Rule 17. As such, defendant's application for the issuance of subpoenas was denied. (<u>Id.</u>)

Similarly, in <u>United States v. Murillo</u>, No. CR 05-1111(A)-RGK, the Honorable R. Gary Klausner, United States District Judge, granted the government's motion to quash subpoenas issued to a wide range of institutions seeking materials related to a confidential informant and a government witness. (CR 05-1111(A)-RGK Dkt. 493.) The court explained that "[a] criminal defendant cannot use subpoenas to circumvent the discovery limitations of Rule 16." The court further explained that if the defendant had issues with the government's production of discovery, the proper channel for addressing such matters would be a discovery motion. <u>Id.</u>

In another case in this district, United States v. Roach, et al., No. CR 12-165-PSG, also involving a defendant's attempt to improperly use Rule 17 subpoenas, the Honorable Phillip S. Gutierrez granted the government's motion to quash the subpoenas as an improper use of Rule 17. In that case, as here, the defendant filed his subpoena requests under seal and in camera. Without knowing the identities of the entities to be served with subpoenas or the nature of the documents sought by the subpoenas, the government moved to quash the subpoenas to the extent they were improper under Rule 17, and the district court granted the government's motion. (CR 12-165-PSG Dkt. 49.)

In the instant case, defendant's in camera request potentially implicates pre-trial discovery materials, including Brady/Giglio requests. To the extent defendant believes that there are discovery disputes, there is a process in place for defendant to obtain discovery, including through a noticed motion to compel filed publicly with the Court. If the in camera request is for a law enforcement officer or government employee witness and the subject of the subpoena is going to be called as a government witness at trial, a subpoena is unnecessary as government trial counsel will request a review of such records as part of the government's obligations under Giglio v. United States, 405 U.S. 150 (1972), and United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). If defendant's in camera request is an attempt to obtain otherwise discoverable materials, then the request should be denied.

**D. No Exceptional Circumstances Justify <u>Ex Parte</u> Procedure in the Instant Matter**

<u>Ex parte</u> procedure with respect to the issuance of pre-trial subpoenas is authorized only in "exceptional circumstances." <u>United States v. Beckford</u>, 964 F. Supp. 1010, 1030 (E.D. Va. 1997); <u>see also United States v. Bran</u>, 2013 WL 1193338, at *2 (E.D. Va. Mar. 22, 2013). "[A] party seeking to proceed <u>ex parte</u> will have to meet a heavy burden to proceed in that fashion." <u>Beckford</u>, 964 F. Supp. at 1030. "Ordinarily, <u>ex parte</u> procedure will be unnecessary and thus inappropriate." <u>Id.</u>

In this case, defendant has -- <u>ex parte</u>, under seal, and <u>in camera</u> -- sought permission to presumably conduct clandestine investigation of undisclosed persons or entities. In doing so, defendant has effectively prevented the government from challenging these subpoenas in a precise and helpful manner before the Court. To the extent defendant contends that disclosing his applications for subpoenas would unfairly reveal his trial strategy, the government requests that only the subpoenas themselves be disclosed to allow argument and proper resolution of this matter. <u>Beckford</u>, 964 F. Supp. at 1030 ("In most instances, it will not be necessary to disclose trial strategy, divulge witnesses or work product, or implicate a privacy right merely to make the application for issuance of a pre-trial subpoena duces tecum. And, a party seeking to proceed <u>ex parte</u> will have to meet a heavy burden to proceed in that fashion.").

///

///

13

**E. The Requested Subpoenas and Related Materials Should Be Unsealed and Disclosed to the Prosecution Team and Investigating Agents**

The government respectfully requests that this Court unseal the in camera request so that the assigned trial attorneys and investigating agents are able to participate in any further proceedings relating to the request.  Because Rule 17(c) makes no provision for allowing only one party to access documents produced in response to a subpoena, both parties should have access to the subpoenas (if not the items produced themselves).  Jenkins, 895 F. Supp. at 1395 (holding that the Court erred in failing to permit the government to examine the documents produced in response to the subpoenas ahead of trial).  Indeed, the text of Rule 17(c) states that documents should be "inspected by the parties and their attorneys."  Id.  As such, the government requests disclosure of the in camera request and subpoenas, should any be approved by the Court.

In the alternative, if the matter is permitted to remain under seal and in camera, then the government requests that an Assistant United States Attorney who is not affiliated with the prosecution of this matter -- and who would remained walled off from the trial team -- be allowed to participate in litigation of this matter and be served with any reply filed to the government's opposition to defendant's in camera and under seal request for Rule 17 subpoenas.

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's in camera request, or in the alternative, disclose the in camera request to the government.