BROWNE GEORGE ROSS LLP
Thomas P. O'Brien (State Bar No. 166369)
  tobrien@bgrfirm.com
Ivy A. Wang (State Bar No. 224899)
  iwang@bgrfirm.com
Jennie Wang VonCannon (State Bar No. 233392)
  jvoncannon@bgrfirm.com
David J. Carroll (State Bar No. 291665)
  dcarroll@bgrfirm.com
801 S. Figueroa Street, Suite 2000
Los Angeles, California 90017
Telephone: (213) 725-9800
Facsimile: (213) 725-9808

Attorneys for Defendant
Arman Gabaee aka "Arman Gabay"

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-cr-00331-GW |
| Plaintiff, | **DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE TRIAL AND RELATED DATES; DECLARATION OF DAVID J. CARROLL** |
| vs. | |
| ARMAN GABAEE aka "Arman Gabay," | |
| Defendant. | **Current Dates:** <br> Trial Date:          March 3, 2020 <br> Status Conference: February 24, 2020 <br> Motion Cutoff:     January 16, 2020 <br><br> **Proposed New Dates:** <br> Trial Date:          June 16, 2020 <br> Status Conference: June 8, 2020 <br> Motion Cutoff:     May 7, 2020 |

**TO THE HONORABLE COURT AND ALL PARTIES:**

**PLEASE TAKE NOTICE** that Defendant Arman Gabaee aka "Arman Gabay" respectfully applies *ex parte* to continue the trial date and all related pretrial deadlines.  This application is based on the attached memorandum of points and authorities, the declaration of David J. Carroll, all other documents and records on file in this action, and any other evidence or argument that the Court may accept at any hearing on this application.

Defense counsel provided notice to government counsel of their intent to file this application.  Carroll Decl. ¶ 7.  The government responded that it opposes the relief that Mr. Gabay seeks in this application.  *Id.*

Dated:  January 6, 2020

BROWNE GEORGE ROSS LLP
    Thomas P. O'Brien
    Ivy A. Wang
    Jennie Wang VonCannon
    David J. Carroll

By:    /s/ Thomas P. O'Brien
       Thomas P. O'Brien
Attorneys for Defendant
Arman Gabaee aka "Arman Gabay"

1392122.4

DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE TRIAL

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant Arman Gabaee aka "Arman Gabay" ("Mr. Gabay") requests that the Court continue the trial date and all related pretrial deadlines by approximately 90 days, as there are currently four unresolved motions and applications pending before the Court. Mr. Gabay was diligent in filing those motions and applications, one of which the Court has tentatively granted in part; the requested continuance should allow sufficient time to resolve the motions and applications and to permit production of the requested evidence; the defense is unaware of any inconvenience that such a delay will otherwise cause the Court or the government; and Mr. Gabay will suffer substantial prejudice if he must proceed with substantive pretrial motions and trial without the requested evidence.

## II.   ARGUMENT

In adjudicating a defendant's request to continue trial, the district court should generally consider the following four non-exhaustive factors: (1) whether the defendant "was diligent in preparing his defense or whether his request for a continuance appears to be a delaying tactic"; (2) whether "the purpose of the continuance [will be] achieved [if] granted"; (3) whether, and the extent to which, "granting the continuance [will] inconvenience[] the court and the opposing party"; and (4) whether the defendant will be prejudiced by denial of the continuance. *United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010). The weight to be accorded any particular factor or other consideration depends on the circumstances of the case. *See id.* Here, all four factors weigh in favor of a brief continuance.

*First*, Mr. Gabay has been diligent in preparing his defense, which has culminated in two discovery motions and two subpoena applications that are pending before this Court. Those motions and applications, all of which were submitted well in advance of the trial date and all pretrial deadlines, are as follows:

1.   On <u>June 10, 2019</u>, the defense moved to compel the government to

1    produce both the tax returns and the confidential source file for its

2    confidential  informant.  ECF No. 54.  The Court held a hearing on this

3    motion on July 8, 2019, after which it took the matter under

4    submission.  ECF No. 73.  The Court has not yet ruled on that motion.

5    Carroll Decl. ¶ 2.

6    2.    On September 20, 2019, the defense filed *in camera* an *ex parte*

7          application to issue subpoenas, which was opposed by the government.

8          ECF No. 86.  The Court has not yet ruled on that *ex parte* application.

9          Carroll Decl. ¶ 3.

10   3.    On October 11, 2019, the defense moved to compel the government to

11         produce documents in its possession discussing Mr. Gabay and to

12         produce documents related to any investigation of another individual.

13         ECF No. 93.  The Court held a hearing on this motion on November

14         21, 2019, at which time it tentatively granted the motion insofar as it

15         sought documents relating to Mr. Gabay.  ECF No. 21.  During the

16         hearing, the Court ordered the government to submit those documents

17         *in camera* so that the Court could review them before ordering them

18         disclosed.  The government submitted those documents to the Court on

19         or around November 26, 2019.  The Court has not yet issued a final

20         ruling on that motion.  Carroll Decl. ¶ 4.

21   4.    On December 3, 2019, the defense filed *in camera* a second *ex parte*

22         application to issue a subpoena, which was opposed by the government.

23         ECF No. 108.  The Court has not yet ruled on that *ex parte* application.

24         Carroll Decl. ¶ 5.

25   There is no question that each of the foregoing motions and applications were

26   submitted to this Court well in advance of the trial date (March 3, 2020) and the

27   motion cutoff date (January 16, 2020) in this matter.  Indeed, the discovery motions

28   were also preceded by several months of negotiations with the government, which

resulted in impasses that necessitated seeking relief from the Court.  *E.g.*, Wang
Decl. ¶¶ 2–11, ECF No. 54-1; Carroll Decl. ¶¶ 2–15, ECF No. 93-1.  There is no
doubt that this factor substantially favors a continuance.

*Second*, the brief continuance will likely provide sufficient time for this Court
to adjudicate the outstanding motions and applications.  *Third*, the defense is
unaware of any inconvenience that this brief continuance will cause the Court or the
government.  *See Kloehn*, 620 F.3d at 1128 (holding that the absence of
inconvenience to the Court and the opposing party "weighs overwhelmingly in [the
defense's] favor").  To the contrary, the continuance will provide the Court with the
time it needs to adjudicate the outstanding requests and will provide the government
(and any third parties) with the time they need to comply with any order or
subpoena compelling the production of evidence.

*Fourth*, denial of the continuance will heavily prejudice Mr. Gabay's defense.
As defense counsel has made clear, the discovery sought by the two motions to
compel are critical to support Mr. Gabay's anticipated motion to suppress the
intercepted wire communications that the government obtained pursuant to a Title
III wiretap order.  With the pretrial motion cutoff less than two weeks away, it
appears virtually certain that Mr. Gabay will not obtain that discovery before then—
and certainly not with enough time to meaningfully review and analyze the
discovery for use in support of that motion.  In addition, because the government has
indicated its preference to rely on audio recordings gathered by its key informant
rather than the informant's live testimony at trial, *see, e.g.*, Wang Decl. ¶ 6, Ex. D,
ECF No. 54-6 (government counsel stated that "the government does not, at present,
intend to call the CW as a witness at trial"), suppression of the intercepted wire
communications could be key to Mr. Gabay's defense.  Similarly, for reasons
discussed in the *in camera* portions of Mr. Gabay's discovery motions and subpoena
applications, the remaining evidence sought is also necessary for Mr. Gabay to
present an adequate defense at trial—including to support his anticipated entrapment

defense and to impeach any witnesses that the government may ultimately call at trial. With trial now only two months away, it no longer appears that Mr. Gabay will receive the documents with sufficient time to review and incorporate those documents into his trial defense.

### III.   CONCLUSION

For the foregoing reasons, Mr. Gabay respectfully requests that the Court continue the trial date and related pretrial deadlines by approximately 90 days.

Dated: January 6, 2020                    BROWNE GEORGE ROSS LLP

                                        Thomas P. O'Brien
                                        Ivy A. Wang
                                        Jennie Wang VonCannon
                                        David J. Carroll

By:    /s/ Thomas P. O'Brien
_____
                  Thomas P. O'Brien
Attorneys for Defendant
Arman Gabaee aka "Arman Gabay"

## DECLARATION OF DAVID J. CARROLL

1.     I am an attorney licensed to practice before all courts in the State of California, and I am admitted to practice before this Court.  I am an associate with the law firm of Browne George Ross LLP, and I am counsel of record for Defendant Arman Gabaee aka "Arman Gabay" in the above-captioned case.

2.     On June 10, 2019, the defense moved to compel the government to produce both the tax returns and the confidential source file for its confidential informant.  The Court held a hearing on this motion on July 8, 2019, after which it took the matter under submission.  The Court has not yet ruled on that motion.

3.     On September 20, 2019, the defense filed *in camera* an *ex parte* application to issue subpoenas, which was opposed by the government.  The Court has not yet ruled on that *ex parte* application.

4.     On October 11, 2019, the defense moved to compel the government to produce documents in its possession discussing Mr. Gabay and to produce documents related to any investigation of another individual.  The Court held a hearing on this motion on November 21, 2019, at which time it tentatively granted the motion insofar as it sought documents relating to Mr. Gabay.  During the hearing, the Court ordered the government to file those documents *in camera* so that the Court could review them before ordering them disclosed.  The government submitted those documents to the Court on or about November 26, 2019.  The Court has not yet issued a final ruling on that motion.

5.     On December 3, 2019, the defense filed *in camera* a second *ex parte* application to issue a subpoena, which was opposed by the government.  The Court has not yet ruled on that *ex parte* application.

6.     The defense seeks to continue the trial date and related pretrial deadlines by 90 days to allow sufficient time for the Court to adjudicate the foregoing motions and applications.

7.     On January 3, 2020, I inquired whether the government would agree to

DECLARATION ISO DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE TRIAL

1  continue the trial date and pretrial deadlines by approximately 90 days in light of the

2  motions and applications currently pending before the Court.  The government

3  responded that it would oppose any further continuances.

4

5         I declare under penalty of perjury that the foregoing is true and correct.

6  Executed on January 6, 2020, at Los Angeles, California.

7

8                                      _/s/ David J. Carroll_____

9                                         David J. Carroll

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION ISO DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE TRIAL