NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164770)
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6077/4443
    Facsimile: (213) 894-7631
    E-mail:   ruth.pinkel@usdoj.gov
              lindsey.dotson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>          v.<br><br>ARMAN GABAEE,<br>  aka "Arman Gabay,"<br><br>        Defendant. | No. CR 18-331-GW<br><br>JOINT STATUS REPORT<br><br>Hearing Date: January 30, 2020<br>Hearing Time: 8:00 a.m.<br>Location:    Courtroom of the<br>               Hon. George Wu |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Ruth C. Pinkel and Lindsey Greer Dotson, and defendant ARMAN GABAEE, by and through his counsel of record, Thomas P. O'Brien and Ivy A. Wang, hereby file the parties' joint status report, as ordered by the Court on January 22, 2020. (Dkt. 118.)

///

///

This joint status report is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 28, 2020          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


          /s/
RUTH C. PINKEL
LINDSEY GREER DOTSON
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA


Dated: January 28, 2020           /s/   [email authorization]
THOMAS P. O'BRIEN
IVY A. WANG

Attorneys for Defendant
ARMAN GABAEE

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  DEFENDANT'S POSITION**

Mr. Gabay believes that the following issues remain unresolved and should be addressed at the status conference.  For the reasons identified below and an additional basis that Mr. Gabay intends to address in camera at the hearing, Mr. Gabay contends that a brief trial continuance remains necessary.

**A.   First Motion to Compel, Filed June 6, 2019**

Mr. Gabay's First Motion to Compel, filed June 6, 2019 (ECF No. 54), requested CW1's (1) entire confidential source file, and (2) 2010 to 2016 tax returns.  While the Court's January 22, 2020 Minute Order (the "Order"; ECF No. 118) indicates that it will address the disclosure of CW1's confidential source file at the status conference, it is silent as to the requested tax returns.  Mr. Gabay respectfully requests that this latter issue also be addressed at the status conference.

**B.   First Ex Parte Application, Filed September 20, 2019**

The Court's Order has not addressed Mr. Gabay's First Ex Parte Application, filed on September 20, 2019 (ECF No. 86), which remains outstanding.  For the same reasons that this application was filed under seal and in camera, Mr. Gabay respectfully requests that the application be addressed in camera at the status conference. However, for the purposes of this status report, Mr. Gabay notes that if the Court grants the application and issues the requested subpoenas, the third parties will require a reasonable amount of time to produce responsive documents.  Furthermore, to the extent the subpoenaed parties object to any portions of the subpoena, the

adjudication of any potential challenges from third parties may require additional time.

### C. Second Motion to Compel, Filed October 11, 2019

The Court's Order fully resolves Mr. Gabay's Second Motion to Compel, filed October 11, 2019 (ECF No. 93), and the government has since produced the requested documents to Mr. Gabay's counsel. Counsel is currently reviewing those documents and, to the extent counsel believes the production to be deficient in any way, it will raise those issues at the status conference.

### D. Second Ex Parte Application, Filed December 3, 2019

While the Order has adjudicated the Second Ex Parte Application (ECF No. 108), the third party will need a reasonable amount of time to respond to the subpoena (or challenge the subpoena, if it so chooses).

### E. Motion to Suppress, Filed January 23, 2020

Mr. Gabay's Motion to Suppress (ECF No. 119) remains outstanding and is scheduled to be heard on February 13, 2020. If necessary, a Franks hearing may follow at a date yet to be determined. The outcome of this motion may significantly affect both the government's and Mr. Gabay's trial strategies, as well as whether Mr. Gabay must bring other pretrial or trial motions.

### F. Motions in Limine

Mr. Gabay anticipates filing motions in limine to be heard at the final status conference on February 24, 2020. However, Mr. Gabay's determination of which motions in limine to bring may be impacted by the result of the motion to suppress as well as any additional evidence that has yet to be produced from the government and/or third-parties.

In addition, the government has filed a motion in limine to admit evidence per FRE 401, 402, and 404(b), which seeks to admit evidence derived from the wiretap.  (ECF No. 124.)  Given that suppression of the wiretap will not be adjudicated until February 13, 2020 at the earliest, Mr. Gabay seeks leave to respond to the government's motion in limine after the Court rules on his wiretap suppression motion.

### G. Motions Cutoff

Mr. Gabay maintains his request to continue the trial and related pretrial deadlines.  (ECF No. 114).  The government suggests below that the pretrial motions deadline should only be continued to the extent that any pretrial motion is based on discovery obtained after the previous January 16, 2020 pretrial motion deadline.  Such a requirement would be impracticable and prejudicial to Mr. Gabay.  New evidence may shed light or change perspectives on previously obtained evidence, even if not directly relied upon in a motion.  Forcing Mr. Gabay to explain to the government how this new evidence affected Mr. Gabay's decision to bring a pretrial motion would, in effect, demand that Mr. Gabay reveal his defense strategy and place an undue and prejudicial burden on him.  Further, the decision to bring a pretrial motion might depend on the absence of evidence that otherwise would have been responsive to Mr. Gabay's discovery requests, a fact that will not be determined until the outstanding discovery issues have been resolved.

### H. Discovery

Counsel for Mr. Gabay has requested of the government discovery that appears to have been omitted from its productions, i.e., "1A Package[s]" referenced in FBI FD-302s, a working copy of a recording

3

that is corrupted, and a current rap sheet.  At this point, counsel has no reason to believe that these issues will not be resolved without intervention from the Court, but will apprise the Court in the event that changes.

## I. Entrapment Defense

The government below requests that the Court order Mr. Gabay to make a prima facie showing of his entrapment defense in writing or at a hearing "sufficiently in advance of trial."  Mr. Gabay objects to this unnecessary and burdensome request that is neither required by law nor warranted by the practice in the Central District.  As contemplated by the cases cited by the government, Mr. Gabay anticipates that the issue will become ripe for adjudication by the Court at the point when jury instructions are finalized and the Court determines whether to give the entrapment instruction. See, e.g., United States v. Smith, 924 F.2d 889, 898 (9th Cir. 1991) (citing United States v. Busby, 780 F.2d 804, 806-07 (9th Cir. 1986)) (discussing defendant's contention that the "district court erred by refusing to give his requested jury instruction on entrapment"); Busby, 780 F.2d at 806-07 ("The trial court will instruct on entrapment only if the defendant presents some evidence of both elements of the entrapment defense.") (citing United States v. Brandon, 633 F.2d 773, 778 (9th Cir. 1980) ("The court may properly refuse to give an entrapment instruction to the jury when a rational view of the evidence does not support the defense.")); Mathews v. United States, 485 U.S. 58, 62-63 (1988) ("We are simply not persuaded by the Government's arguments that we should make the availability of an instruction on entrapment where the evidence justifies it subject to a requirement of consistency to which no

4

other such defense is subject."); United States v. Hoyt, 879 F.2d 505, 509 (9th Cir. 1989) ("Hoyt's first issue on appeal is whether the trial court improperly refused to give the jury Hoyt's requested entrapment instruction.").

**J.  Government Disclosures**

There are several categories of government disclosures that appear to remain outstanding, including (1) grand jury transcripts; (2) other Jencks Act evidence; and (3) Henthorn material.

**II.  GOVERNMENT'S POSITION**

**A.  Response Regarding Government Disclosures**

First, grand jury transcripts have been produced for witnesses in accordance with the government's discovery obligations and subject to the Court's Rule 6(e) order.  The government has not produced grand jury transcripts for non-testifying witnesses where the government's discovery obligations do not otherwise demand disclosure.  Should the government elect to call any of those witnesses at trial, the government will make the proper disclosures.

Second, the government has complied with its discovery obligations pursuant to Jencks, and will continue to do so if it becomes aware of additional material requiring disclosure.

Finally, the government is unaware of any Henthorn/Giglio material.  Should that change, the government will comply with its discovery obligations.

**B.  Reciprocal Discovery**

The government would ask that the Court address reciprocal discovery, or the lack thereof, at the upcoming status conference. The government has received no reciprocal discovery from defendant, despite the fact that the defense has been investigating the events

in this case since 2017 and has employed a team of at least four private investigators.  In addition, although the government is not privy to either of the defendant's in camera submissions (dkts. 86, 108), the government understands from the above statements that the filings relate to the issuance of the subpoenas for documents.  For the reasons stated in the government's oppositions (dkts. 87 and 109), the government respectfully requests that the defense provide the government with access to any documents produced in response to a subpoena, even if not the subpoenas or filings themselves.  Fed. R. Crim. P. 17 ("The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.  When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.").

### C. Outstanding Motions

Hearing on defendant's under seal motion to suppress the wiretap of defendant's phone is set for February 13, 2020.  (Dkt. 116.) Hearing on the government's motion in limine to admit evidence of defendant's predisposition, intent, knowledge, motive, and absence of mistake or accident is set for February 24, 2020.  (Dkt. 124.)  Even if the Court were to grant defendant's request for a trial continuance, the government respectfully requests that these motions be heard and adjudicated.  Resolution of these issues will help the parties prepare for trial.

### D. Pretrial Showing of Entrapment

Defendant has informed the government that he intends to pursue an entrapment defense at trial.  To raise an entrapment defense, a defendant shoulders the initial pretrial burden of presenting prima facie evidence of the elements of the defense:  (1) that he was

induced to commit the crime by a government agent; and (2) that he was not otherwise predisposed to commit the crime.  <u>United States v. Smith</u>, 924 F.2d 889, 898 (9th Cir. 1991) (citing <u>United States v. Busby</u>, 780 F.2d 804, 806-07 (9th Cir. 1986)); <u>see also</u> <u>Mathews v. United States</u>, 485 U.S. 58, 62-63 (1988).  Where the defendant fails to do so, the court should properly refuse to permit presentation of the defense to the jury during trial.  <u>United States v. Hoyt</u>, 879 F.2d 505, 509 (9th Cir. 1989); <u>Busby</u>, 780 F.2d at 806.  Accordingly, the government respectfully requests that this Court order defendant, either at a hearing or in writing, to make the requisite prima facie showing at a time sufficiently in advance of trial.

    **E.   Motions Cutoff**

The parties negotiated a motions cutoff deadline of January 16, 2020, with which the parties complied.  Indeed, defendant filed a motion to suppress on that date.  Even if this Court were to grant a trial continuance, there is no basis to continue the motions cutoff and give the parties a second opportunity to litigate issues they could have litigated by the negotiated deadline.  Unless any new discovery ordered by the Court, to which defendant did not have access in advance of the cutoff, necessitates a new motion, the government would ask that the motions cutoff not be extended.  The purpose of a motions deadline is to litigate issues sufficiently in advance of trial so that the parties may prepare for trial.