1  BROWNE GEORGE ROSS LLP
   Thomas P. O'Brien (State Bar No. 166369)
2    tobrien@bgrfirm.com
3  Ivy A. Wang (State Bar No. 224899)
     iwang@bgrfirm.com
4  Jennie Wang VonCannon (State Bar No. 233392)
5    jvoncannon@bgrfirm.com
   Matthew O. Kussman (State Bar No. 313669)
6    mkussman@bgrfirm.com
7  801 S. Figueroa Street, Suite 2000
   Los Angeles, California 90017
8  Telephone: (213) 725-9800
9  Facsimile: (213) 725-9808

10
   Attorneys for Defendant
11 Arman Gabaee aka "Arman Gabay"

12
13                 UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16 | UNITED STATES OF AMERICA, | Case No. 2:18-cr-00331-GW |

17 |          Plaintiff, | **DEFENDANT'S BRIEF RE PRESENTATION OF** |
18 |          vs. | **ENTRAPMENT EVIDENCE AT TRIAL** |
19 | |
20 | ARMAN GABAEE aka "Arman Gabay," | Judge: Hon. George H. Wu |
21 | | Date: February 13, 2020 |
   | | Time: 8:00 a.m. |
22 |          Defendant. | Crtrm.: 9D |

23

24                                     Trial Date:        June 2, 2020
25                                     Status Conference: May 21, 2010

26

27

28

## I.    **INTRODUCTION**

Pursuant to the Court's order at the January 30, 2020 status conference in the above-captioned matter (ECF No. 130), defendant Arman Gabaee aka "Arman Gabay," hereby submits the following proposed procedure for the potential presentation of an entrapment defense at trial:

1. The government will present its case-in-chief, without the submission of any evidence or argument on the entrapment issue.

2. After hearing the government's case-in-chief, Mr. Gabay's counsel will decide whether an entrapment defense is viable.  If so, Mr. Gabay will present evidence in his case-in-chief to support the defense.

3. If entrapment has been put at issue in Mr. Gabay's case-in-chief, the government may present evidence refuting the defense on rebuttal.

4. The Court will give an instruction to the jury regarding the entrapment defense.

The above-outlined procedure is necessary to comply with the Federal Rules of Evidence and avoid substantial prejudice to Mr. Gabay.

## II.    **ARGUMENT**

The presentation of an entrapment defense involves a two-step inquiry.  First, "in order to raise entrapment, the defendant need only to point to evidence from which a rational jury could find that he was induced to commit the crime but was not otherwise predisposed to do so."  *United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir. 2000).  Second, if the defendant can point to such evidence, "[t]he burden then shifts to the government to prove beyond a reasonable doubt that the defendant was not entrapped."  *Id.*; *see also Lo Buono v. United States*, 454 F.2d 731, 731 (9th Cir. 1972) ("After defendant introduces evidence of entrapment the burden shifts to the government to prove predisposition.").

Critically, in rebutting an entrapment defense, the government may be permitted to introduce evidence of the defendant's predisposition that would

1  otherwise be inadmissible under Federal Rule of Evidence 404.  However, neither

2  the Court nor the parties will definitively know if such predisposition evidence will

3  be relevant and admissible until Mr. Gabay actually asserts an entrapment defense at

4  trial.  And, because Mr. Gabay has the right to evaluate the government's case-in-

5  chief before making a final decision on presenting an entrapment defense, neither

6  the parties nor the Court will know if predisposition evidence is admissible until Mr.

7  Gabay's case-in-chief.  Accordingly, the government's predisposition evidence must

8  be reserved for rebuttal to avoid the potential for the improper admission of highly

9  prejudicial character evidence in violation of Federal Rule of Evidence 404.  *See*

10 *also* Fed. R. Evid. 403.

11      The case of *United States v. McGuire*, 808 F.3d 694 (8th Cir. 1987), is

12 illustrative.  There, the government argued that it was proper to admit predisposition

13 evidence in the government's case-in-chief because defense counsel "not only

14 asserted during opening argument, but also during voir dire, that it would rely on

15 entrapment." *Id.*  at 696.  The court rejected the argument, holding that "it was error

16 for the district court to allow the government to introduce rebuttal evidence in its

17 case-in-chief in anticipation of an entrapment defense that was proposed, but that

18 never actually materialized." *Id.*

19      Similarly, in *United States v. Hicks*, 635 F.3d 1063 (7th Cir. 2011), the court

20 held that even though defense counsel "discussed the possibility of raising an

21 entrapment defense prior to trial . . . the entrapment defense did not materialize until

22 the defense presented its case." *Id.* at 1072.  Accordingly, "[t]he proper course of

23 action would have been for the government to offer the convictions [for

24 predisposition purposes] after [the defendant's] entrapment defense materialized,

25 either during cross-examination or during its rebuttal case." *Id.*  Because the

26 evidence was improperly admitted, the defendant's conviction was vacated. *Id.* at

27 1074.  Other cases are in accord. *See e.g. United States v. Vigil*, No. CR 05-2051-

28 JB, 2006 WL 4061153, at *7-8 (D.N.M. Sept. 8, 2006) (only if defendant "chooses

1  to assert and elicit testimony in his case in chief that he was set-up [*sic*] in a context

2  that credibly appears to the Court to be an entrapment defense, then the Court will

3  allow introduction of predisposition evidence."); *United States v. Harris*, 65 F.

4  Supp. 2d 983, 987 (N.D. Iowa 1999) (predisposition evidence "only admissible . . .

5  after defendant . . . presents evidence that government agents induced or coerced

6  him into participating in the charged drug transactions.").

7       Thus, allowing the government to prematurely introduce predisposition

8  evidence in its case-in-chief would cause substantial prejudice to Mr. Gabay by

9  potentially allowing for the introduction of highly prejudicial inadmissible

10  evidence—evidence which it has already moved the Court to introduce despite the

11  fact that they consist of wiretap recordings (ECF No. 124), and the Court has not yet

12  ruled on Mr. Gabay's motion to suppress the wiretap (ECF No. 119).

13  **III.   CONCLUSION**

14       For the foregoing reasons, the Court should adopt Mr. Gabay's proposed

15  procedure on the presentation of the entrapment defense at trial.

16

17  Dated:  February 5, 2020           BROWNE GEORGE ROSS LLP

18                                       Thomas P. O'Brien

19                                       Ivy A. Wang

                                     Jennie Wang VonCannon

20                                       Matthew O. Kussman

21            By:       /s/ Thomas P. O'Brien

22                                 Thomas P. O'Brien

          Attorneys for Defendant

23            Arman Gabaee aka "Arman Gabay"

24

25

26

27

28