TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164470)
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
THOMAS F. RYBARCZYK (Cal. Bar No. 316124)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6077/4443/8452
     Facsimile: (213) 894-7631
     E-mail:    ruth.pinkel@usdoj.gov
                lindsey.dotson@usdoj.gov
                thomas.rybarczyk@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ARMAN GABAEE, <br>   aka "Arman Gabay," <br><br> Defendant. | No. CR 18-00331-GW <br><br> STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT <br><br> **CURRENT MOTION CUTOFF:** 06-24-2021 <br> **CURRENT SC DATE:** 08-02-2021 <br> **CURRENT TRIAL DATE:** 08-10-2021 <br><br> **PROPOSED MOTION CUTOFF:** 03-24-2022 <br> **PROPOSED SC DATE:** 05-02-2022 <br> **PROPOSED TRIAL DATE:** 05-10-2022 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Ruth C. Pinkel, Lindsey Greer Dotson, and Thomas F. Rybarczyk, and defendant ARMAN GABAEE ("defendant"), both individually and by and through his

counsel of record, Marc A. Agnifilo and Teny R. Geragos, hereby stipulate as follows:

1.    The complaint in this case was filed on May 10, 2018.  The indictment was filed on May 30, 2018.  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on May 16, 2018.  Defendant was arraigned on June 12, 2018.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before August 8, 2018.

2.    On June 12, 2018, the Court set a trial date of July 24, 2018.

3.    The Court previously continued the trial date in this case from July 24, 2018 to February 26, 2019, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.  (Dkt. 30.)

4.    The Court further continued the trial date from February 26, 2019 to September 10, 2019, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.  (Dkt. 37.)

5.    The Court further continued the trial date from September 10, 2019 to March 3, 2020, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.  (Dkt. 77.)

6.    During a hearing on January 30, 2020, at defendant's request and over the government's objection, the Court further continued the trial date in this case from March 3, 2020 to June 2, 2020, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.  (Dkt. 134.)  At the hearing, defendant and his now former

counsel orally waived defendant's Speedy Trial rights to be brought to trial before June 30, 2020. Following the hearing, the parties filed a stipulation and proposed order to memorialize the Court's previous order regarding excludable time. (Dkt. 137.) The Court thereafter issued a written order continuing the trial date from March 3, 2020 to June 2, 2020, and found the time period of March 3, 2020 to June 30, 2020 to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. 142.)

7. The Court further continued the trial date from June 2, 2020 to November 3, 2020, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. 177.)

8. The Court further continued the trial date from November 3, 2020 to August 10, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. 207.)

9. The Court previously ordered that any motions (excluding motions in limine) be filed not later than June 24, 2021. (Dkt. 207.) The Court also ordered that any motions in limine be filed not later than July 2, 2021, any oppositions to motions in limine not later than July 12, 2021, and any replies in support of motions in limine not later than July 19, 2021. (Id.)

10. On or about April 12, 2021, Marc A. Agnifilo and Teny R. Geragos substituted in as counsel of record for defendant. (Dkts. 217, 218.)

11. Defendant is released on bond. The parties estimate that the trial in this matter will last approximately 10 days.

3

12. By this stipulation, defendant moves to continue his trial date from August 10, 2021 to May 10, 2022. Defendant also moves to continue (1) the status conference from August 2, 2021 to May 2, 2022 and (2) the motions cutoff (excluding motions *in limine*) from June 24, 2021 to March 24, 2022. The parties further agree that motions *in limine* shall be filed not later than April 4, 2022, oppositions to motions *in limine* not later than April 11, 2022, and replies in support of motions *in limine* not later than April 18, 2022.

13. This is the seventh request for a continuance.

14. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Counts One through Three charge defendant with Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346. Counts Four and Five charge defendant with Federal Program Bribery, in violation of 18 U.S.C. § 666(a)(2). Discovery is voluminous, including up to one terabyte of audio and video recordings and communications intercepted pursuant to two federal wiretap orders. Additionally, over 85,000 pages of written discovery has been produced.

    b. Defense counsel represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research, review the discovery and potential evidence in the case, and prepare for trial, including by interviewing potential defense witnesses -- all of which has become more difficult for defense counsel due to the health concerns surrounding the COVID-19 outbreak.

   c. Defense counsel also is currently preparing for trial in the following cases: (1) United States v. Ng, case no. 18-CR-00538-MKB (E.D.N.Y.), which is a single-defendant Foreign Corrupt Practices Act and money laundering trial expected to begin on January 17, 2022 and last approximately five weeks; and (2) United States v. Khwaja, et al., case no. 18-CR-00607-JMA (E.D.N.Y.), which is a five-defendant money laundering trial expected to begin on March 7, 2022 and last at least five weeks.  In addition, defense counsel just completed a three-week trial in United States v. Moslem, et al., case no. 19-CR-00547-CS (S.D.N.Y.), which was a two-defendant bank fraud, identity theft, and conspiracy to obstruct the Internal Revenue Service trial.

   d. Accordingly, defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  Defendant believes that failure to grant the continuance would deny him continuity of counsel and adequate representation.

   e. The government does not object to the continuance.

   f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the government or the defense, or failure on the part of the attorneys for the government to obtain available witnesses.

 15. For purposes of computing the date under the Speedy Trial Act by which trial must commence, the parties agree that the time period of August 10, 2021 to May 10, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by

5

the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

16. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: June 9, 2021  Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

*Lindsey Greer Dotson*

RUTH C. PINKEL
LINDSEY GREER DOTSON
THOMAS F. RYBARCZYK
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

    I am defendant ARMAN GABAEE's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than May 10, 2022 is an informed and voluntary one.

_____     June 9, 2021
MARC A. AGNIFILO                       Date
Attorney for Defendant
ARMAN GABAEE

    I have read this stipulation and carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than May 10, 2022.

_____     6/8/2021
ARMAN GABAEE                           Date
Defendant

7