# BRAFMAN & ASSOCIATES, P.C.
### ATTORNEYS AT LAW
256 FIFTH AVENUE, 2ND FLOOR
NEW YORK, NEW YORK 10001
TELEPHONE: (212) 750-7800
FACSIMILE: (212) 750-3906
E-MAIL: ATTORNEYS@BRAFLAW.COM

TENY R. GERAGOS (State Bar No. 316142)
 tgeragos@braflaw.com
MARC A. AGNIFILO (Pro Hac Vice; NY State Bar No. 2476182)
 magnifilo@braflaw.com
Attorney for Defendant ARMAN GABAEE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:18-CR-00331-gw |
| Plaintiff, | |
| vs. | DEFENDANT'S MOTION IN LIMINE FOR PRETRIAL WITNESS LIST |
| ARMAN GABAEE, | |
| Defendant | |
| | Final PTC:  May 2, 2022<br>Trial Date:  May 10, 2022<br>Location:  Courtroom of the Hon. George Wu |

Defendant ARMAN GABAEE, by and through counsel, hereby respectfully submits the following Motion in Limine for the Court to Order the government to provide the defendant with a witness list two weeks prior to trial. This motion in limine is based upon the attached memorandum of points and authorities and such further evidence and

1  argument as the Court may permit. Additionally, because the Defendant has not yet
2  received the government's final exhibits that it plans to introduce at trial, we respectfully
3  reserve the right to file additional motions in limine once the government has disclosed
4  its full list of exhibits.

6  DATED:     April 4, 2022

7                                             Respectfully submitted,

9                                              /s/
                                               MARC A. AGNIFILO
10                                             TENY R. GERAGOS

11                                             Attorneys for Defendant
                                               ARMAN GABAEE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The defense moves in limine for an Order that the government provide a preliminary witness list two weeks before trial. The defense respectfully asserts that incorporating this protocol to the Court's existing procedures will contribute to an efficient, balanced trial that minimizes interruption and allows for proper pretrial preparation.

## II. THE COURT SHOULD DIRECT THE GOVERNMENT TO PROVIDE A WITNESS LIST TWO WEEKS PRIOR TO TRIAL

This Court should exercise its discretion and order the government to provide defense counsel with a witness list at least two weeks before trial to enable Mr. Gabaee to conduct any necessary investigation, as well as to focus his pretrial preparation. The decision to grant a witness list prior to trial "is within the district court's discretion to impose and enforce." United States v. W.R. Grace, 526 F.3d 499, 509 (9th Cir. 2008).

The Court's ruling in W.R. Grace relied on multiple other Circuits that have affirmed a district court's authority to require the government to disclose its witness list. See United States v. Cannone, 528 F.2d 296, 299 (2d Cir.1975) ("The general discretion of district courts to compel the government to identify its witnesses is acknowledged widely…."); United States v. Napue, 834 F.2d 1311, 1318 (7th Cir. 1988) ("[A] district court has the authority to require the government to provide the defendant with such a list .... [as] part of the court's inherent power") (internal quotation marks omitted); United States v. Higgs, 713 F.2d 39, 44 n. 6 (3d Cir. 1983) ("While it is true that the government

is not automatically required to make such disclosure, the district court, within its discretion, may order such disclosure to ensure the effective administration of the criminal justice system.") (citation omitted). Additionally, the Court found that nothing in Rule 16 of the Criminal Rules of Procedure "prohibits the district court from ordering additional pretrial discovery or disclosure that will also further the objectives set forth in Rule 2." W.R. Grace at 511 (citing United States v. Jackson, 508 F.2d 10001, 1006 (7th Cir. 1975)). The Court noted that Rules 2 and 16 "do not preclude such orders" and "reinforce the logic and fairness of requiring the government to produce a pretrial witness list of both experts and nonexperts (subject to appropriate conditions) so that the parties—and the district court—may be adequately prepared for trial." W.R. Grace at 512.

     Here, it is within the Court's authority, as acknowledged by the Ninth Circuit, to order a witness list prior to trial in order to ensure the effective administration of the criminal justice system. The government has shared with defense counsel that it will produce its witness list, consistent with other trials in this district, on the first day of trial. However, as W.R. Grace holds, there is nothing preventing the government from sharing the witness list in advance of the first day of trial. The government expects their direct case to last approximately ten days. Providing a witness list to defense counsel two weeks before the trial is set to begin will allow counsel to focus pretrial preparation and allow for effective defense objections and cross-examination at trial.

### III. CONCLUSION

For the foregoing reasons, the defense respectfully requests that this Court grant the defense's motion in limine to order the government to produce a witness list two weeks prior to trial.