TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164770)
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
THOMAS F. RYBARCZYK (Cal. Bar No. 316124)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6077/4443/8452
    Facsimile: (213) 894-7631
    E-mail:    ruth.pinkel@usdoj.gov
              lindsey.dotson@usdoj.gov
              thomas.rybarczyk@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-331-GW |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 1 FOR A PRETRIAL WITNESS LIST |
| v. | |
| ARMAN GABAEE, aka "Arman Gabay," | SC DATE: May 2, 2022<br>Trial Date: May 10, 2022<br>Trial Time: 8:30 a.m.<br>Location: Courtroom of the Hon. George H. Wu |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Ruth C. Pinkel, Lindsey Greer Dotson, and Thomas F. Rybarczyk, hereby files its Opposition to Defendant's Motion in Limine No. 1 for a Pretrial Witness List.

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 11, 2022                    Respectfully submitted,

                                                TRACY L. WILKISON
                                                United States Attorney

                                                SCOTT M. GARRINGER
                                                Assistant United States Attorney
                                                Chief, Criminal Division

                                                    */s/ Lindsey Greer Dotson*
                                                RUTH C. PINKEL
                                                LINDSEY GREER DOTSON
                                                THOMAS F. RYBARCZYK
                                                Assistant United States Attorneys

                                                Attorneys for Plaintiff
                                                UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant ARMAN GABAEE is a prominent developer who, for nearly seven years, bribed a high-level Los Angeles County public official in exchange for benefits designed to further enrich defendant and his real estate empire.  Now, nearly four years after an indictment on bribery and fraud charges, defendant will stand trial on May 10, 2022.  He has moved in limine for premature disclosure of the government's witness list two weeks prior to trial.  (Dkt. 230.)  His motion lacks merit and should be denied.

**II.  STATEMENT OF FACTS**

In May 2018, a federal grand jury returned an indictment against defendant for Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346, and Bribery, in violation of 18 U.S.C. § 666(a)(2). The charges relate to two separate bribery schemes.  The first involved defendant paying monthly cash bribes for years to Cooperating Witness 1 ("CW1") in exchange for non-public information and other aid from CW1 in CW1's official capacity.  The second relates to defendant offering to purchase a million-dollar residence in Northern California for CW1 in exchange for CW1 helping defendant secure a $45 million County lease.  (Dkt. 14.)

At trial, the government will offer, not just witness testimony and records documenting these bribery schemes, but audio and video recordings of defendant paying cash bribes and repeatedly offering to buy a million-dollar home for CW1.  In exchange for the million-dollar home, defendant wanted CW1's help securing a lucrative, long-term lease for a County department to rent office space in the Hawthorne Mall owned by one of defendant's companies.  The evidence

at trial will also include the menu of million-dollar real estate listings defendant offered CW1, as well as the purchase offers defendant actually placed on the selected estate in Northern California to hold up his end of the corrupt bargain with CW1.

**III. ARGUMENT**

    **A.    Neither Law, Nor Common Practice in Criminal Cases Supports Defendant's Request for an Order Compelling the Government to Produce a Final Witness List Two Weeks Before Trial**

"Generally, the law in [the Ninth Circuit] is that a [pretrial] witness list need not be provided in non-capital cases." United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985). The Federal Rules of Criminal Procedure "do not entitle a defendant to a [pretrial] list of witnesses." United States v. W.R. Grace, 526 F.3d 499, 511 (9th Cir. 2008). Like other courts in this district, this Court requires only that the government submit its witness list on the first day of trial. There is no order for pretrial witness disclosures in criminal cases, let alone two weeks prior to trial as defendant requests. Although defendant cites United States v. W.R. Grace, 526 F.3d 499 (9th Cir. 2008), for the proposition that this Court *could* order a pretrial witness list, the facts of W.R. Grace are so unusual and dissimilar from those here that this Court should decline to exercise its discretion in the requested manner.

In W.R. Grace, the Ninth Circuit held that it was not an abuse of discretion for the district court to order the government to disclose its witness list in advance of trial in light of the "special challenges" presented by the facts and circumstances. W.R. Grace, 526 F.3d at 514. In that case, "[t]he charged conspiracy reach[ed] back nearly 30 years, the government [proposed] to call

2

more than 200 witnesses, there [were] many defendants and allegations, and millions of pages of documents [had] been produced during discovery." Id. at 513-14. The Ninth Circuit reasoned that "[s]uch a complex case poses special challenges to the parties in preparing for trial and to the court in managing the litigation." Id. at 514. The Ninth Circuit also tethered its holding to the fact that the government did not object to the pretrial disclosure order. Id. "Given the size and complexity of the case and the government's acquiescence in the dates for final witness and document disclosures," the Ninth Circuit held that the district court in that unique situation did not abuse its discretion. Id.

The case here is not analogous. This trial presents no "special challenges" akin to the multi-defendant, 200-witness trial in W.R. Grace. This is a five-count, single-defendant trial with not more than 15 witnesses, at the very most. Most of the evidence will be defendant's own words and actions captured in hours of recordings. Additionally, unlike in W.R. Grace, the government objects to a disclosure order here. The government has not finalized its witness list and is unlikely to do so two weeks prior to trial.

Just as this Court should do here, other district courts have distinguished the unusual facts of W.R. Grace in declining to order pretrial witness disclosures. One court stated that the early release of the witness list was only appropriate in W.R. Grace "because it was a corporate criminal case spanning nearly 30 years, with over 230 witnesses and more than a thousand victims." See, e.g., United States v. Woody's Trucking, LLC, No. CR 17-138-BLG-SPW, 2018 WL 457781, at *2 (D. Mont. Jan. 17, 2018). Absent special and

3

unique circumstances, pretrial disclosure of the government's witnesses in a criminal trial is unnecessary.  See id.

Ultimately, the only reason defendant offers for needing a pretrial witness list is trial preparation.  What defendant ignores is that he has known the identities of potential witnesses and had all the relevant discovery for nearly four years.  There are no surprises here and certainly none that require a deviation from the standard rule that the government produce its witness list on the first day of trial.  Were this Court to order a pretrial witness list in a standard, non-complex criminal case like the one here, there would be nothing preventing other defendants from seeking the same in every criminal case.  The law does not require pretrial witness list disclosures in criminal cases, and nothing in precedent or policy counsels in favor of it here.

**B.    Defendant's Attempt to "Reserve the Right" to File Additional Motions in Limine After the Cutoff Has Passed Vitiates the Entire Purpose of Having Deadlines At All**

Defendant also claims to "reserve the right" to file "additional motions in limine once the government has disclosed its full list of exhibits." (Dkt. 230, p. 2.)  But the parties agreed on a motion in limine cutoff of April 4, 2022.  (Dkt. 221, ¶ 12.)  The parties also agreed on a March 24, 2022 deadline for motions, separate and apart from motions in limine.  (Id.)  When defendant requested more time to file pretrial motions, the government agreed to continue that cutoff to April 4, 2022, when motions in limine were due.  (Dkt. 224.)

At no time has defendant ever suggested, in a meet and confer or otherwise, that his ability to file motions in limine rested on knowing the government's final list of exhibits.  Indeed, that hardly

4

makes sense given that (1) defendant has had the discovery in this case for nearly four years and could easily anticipate motions to file and (2) courts in this district generally only require the government to produce its final exhibit list on the first day of trial. Cutoffs for filing motions in limine are always before trial, prior to the deadline for submitting an exhibit list. If it were necessary for a defendant to know the final list of exhibits in order to file motions in limine, then the deadline for filing the government's exhibit list would have to be prior to the first day of trial and before a motions in limine cutoff. It is not. Nothing requires a defendant to know the precise list of exhibits in order to file a motion in limine, particularly where, as here, the discovery has been sitting with defendant for years.[1]

Accordingly, there is no "right" for defendant to reserve here. Deadlines -- particularly those to which defendant willingly agrees -- must mean something. Such deadlines are critical to allow the parties to fully brief and vet issues for the Court sufficiently prior to trial. Absent unforeseeable or unusual circumstances, defendant should have no "right" to miss deadlines and belatedly file motions he could have anticipated for years prior to trial.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court DENY Defendant's Motion in Limine No. 1 for a Pretrial Witness List.

---

[1] In addition, defendant has already received a preview of some government exhibits. On February 28, 2022, the government sent defense counsel a proposed stipulation regarding the authenticity of recordings.

5