| NAME & ADDRESS | |
|---|---|
| MARC A. AGNIFILO, Counsel for Defendant<br>TENY R. GERAGOS, Counsel for Defendant<br>Brafman & Associates PC<br>256 Fifth Avenue, Second Floor, New York, NY 10001 | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA<br><br>           PLAINTIFF,<br>v.<br><br>ARMAN GABAEE, aka "Arman Gabay"<br><br>USMS Reg. #: _____<br><br>           DEFENDANT(S). | 2:18-CR-00331-GW<br><br>**CONSENT TO VIDEO/TELEPHONIC CONFERENCE AND/OR WAIVER OF DEFENDANT'S PRESENCE**<br>☒ **AND PROPOSED FINDINGS/ORDER** |

*Check each that applies:*

☒ CONSENT TO VIDEO CONFERENCE/TELEPHONIC CONFERENCE        ☐ WAIVER OF DEFENDANT'S PRESENCE

**1. Consent to Video Conference/Telephonic Conference**

I, ARMAN GABAEE, understand that the U.S. Constitution, the Federal Rules of Criminal Procedure, and/or one or more federal statutes may give me the right to have all the below-listed proceedings take place in person in open court. After consultation with counsel, I knowingly and voluntarily consent to the proceedings below instead taking place by video conference or, if video conference is not reasonably available, by telephonic conference:

*Check each that applies:*

☐ Detention/Bail Review/Reconsideration Hearing(s) (18 U.S.C. Sec. 3142)        ☐ Initial Appearance (Fed. R. Crim. P. 5)
☐ Preliminary Hearing (Fed. R. Crim. P. 5.1)                                    ☐ Arraignment (Fed. R. Crim. P. 10)
☐ Pretrial Release Revocation Proceedings (18 U.S.C. Sec. 3148)                 ☐ Waiver of Indictment (Fed. R. Crim. P. 7(b))
☐ Misdemeanor Pleas and Sentencings (Fed. R. Crim. P. 43(b)(2))                 ☐ Appearances under Fed. R. Crim. P. 40
☐ Probation and Supervised Release Revocation Proceedings (Fed. R. Crim. P. 32.1)

*Note: to consent to an appearance by video or telephonic conference at one of the two proceedings listed below, you must also complete the "Proposed Findings" section on page 2 of this form.*

☒ Felony Pleas (Fed. R. Crim. P. 11)        ☐ Felony Sentencings (Fed. R. Crim. P. 32)

**2. Waiver of Defendant's Presence**

I, _____, understand that the U.S. Constitution, the Federal Rules of Criminal Procedure, and/or one or more federal statutes may give me the right to be present at all of the below-listed proceedings - in person, by video conference, or by telephonic conference. After consultation with counsel, I knowingly and voluntarily waive my right to be present in person in open court or by video conference or by telephonic conference at the proceedings below:

*Check each that applies (and use Form CR-35 to waive the defendant's presence at other types of proceedings):*

☐ Detention/Bail Review/Reconsideration Hearing(s) (18 U.S.C. Sec. 3142)        ☐ Probation and Supervised Release Revocation
☐ Preliminary Hearing (Fed. R. Crim. P. 5.1)                                        Proceedings (Fed. R. Crim. P. 32.1)
☐ Pretrial Release Revocation Proceedings (18 U.S.C. Sec. 3148)                 ☐ Waiver of Indictment (Fed. R. Crim. P. 7(b))
☐ Misdemeanor Pleas and Sentencings (Fed. R. Crim. P. 43(b)(2))                 ☐ Appearances under Fed. R. Crim. P. 40

| 4/29/2022 | /s/ Arman Gabaee | ☒ Signed for Defendant by Counsel for Defendant with |
|---|---|---|
| Date | Defendant | Defendant's Authorization [Check if applicable] |

*In Custody?*        ☐ Yes   ☒ No        *For in-custody defendants, list institution where housed:* _____

I have translated this consent/waiver to the Defendant in the _____ language.

_____
Date

_____
Interpreter (if required)

☐ Signed for Interpreter by Counsel for Defendant with Interpreter's Authorization [Check if applicable]

I am counsel for the Defendant herein.  Prior to the Defendant signing this document or authorizing me to sign this document on the Defendant's behalf, I fully advised the Defendant of the Defendant's above-referenced rights and consulted with the Defendant regarding such rights and the Defendant's consent/waiver(s).  I believe that the Defendant understands such rights and that the Defendant's consent/waiver(s) are knowing and voluntary, and I concur with such consent/waiver(s).

4/29/2022
Date

*/s/ Teny R. Geragos*
Counsel for Defendant

**3. Proposed Findings Regarding Harm of Further Delay of Felony Plea or Sentencing**

Pursuant to § 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and § 2 of Order of the Chief Judge No. 20-043 (In Re: Coronavirus Public Emergency Use of Video and Telephonic Conference in Certain Criminal Proceedings), felony pleas and sentencings cannot be conducted other than in person in open court unless the judge makes specific findings that the plea or sentencing "cannot be further delayed without serious harm to the interests of justice."  Accordingly, if the defendant intends to consent to a felony plea or sentencing taking place by video conference or, if video conference is not reasonably available, by telephonic conference, instead of in person in open court, the defendant must set forth below proposed findings sufficient to make this showing.

From March 2020 through June 2020 and from December 2020 through January 2021, the Central District of California was operating under its Continuity of Operations ("COOP") Plan, which closed courthouses to the public except for hearings on criminal duty matters. In April 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d).  The Judicial Council recognized that the District is one of the busiest judicial districts in the country and the exceptionally large number of cases pending in this District represents an emergency. From March 2020 through May 2021, the District suspended jury trials to protect public health. Jury trials resumed on a limited basis in the Southern Division on May 10, 2021 and in the Eastern and Western Divisions on June 7, 2021 but were suspended again from January 3 to February 22, 2022 to protect the public health. The COVID-19 pandemic has contributed to a very substantial backlog of criminal hearings and trials in the District. In-person hearings continue to present health and safety risks. Many parties, including defendants, counsel, and court staff, are unable or unwilling to attend in-person hearings due to legitimate safety concerns.  Many members of the public remain unvaccinated. It is essential that judges continue to resolve as many matters as possible via video teleconference or telephonic hearing for public safety and to reduce the backlog of matters.

**4. Order Adopting Findings Regarding Harm of Further Delay of Felony Plea or Sentencing**

Pursuant to § 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and § 2 of Order of the Chief Judge No. 20-043 (In Re: Coronavirus Public Emergency Use of Video and Telephonic Conference in Certain Criminal Proceedings), I hereby find that the:

☒ Felony Plea (Fed. R. Crim. P. 11)        ☐ Felony Sentencing (Fed. R. Crim. P. 32)

in this case cannot be further delayed without serious harm to the interests of justice, for the reasons set forth above.

_____
Date

_____
United States District Judge