ROBERT L. SHAPIRO - State Bar No. 43693
rs@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

TENY R. GERAGOS – State Bar No. 316142
tgeragos@braflaw.com

MARC A. AGNIFILO (Pro Hac Vice; NY State Bar No. 2476182)
magnifilo@bralaw.com
BRAFMAN & ASSOCIATES, P.C.
256 Fifth Avenue, 2nd Floor
New York, NY 10001
Telephone: (212) 750-7800
Facsimile: (212) 750-3906

MATIN EMOUNA – State Bar No. 2727113 (NY)
Emouna & Mikhail, P.C.
MEmouna@Emiklaw.com
100 Garden City Plaza, Suite 520
Garden City, NY 11530
Telephone: (516) 877-9111

Attorneys for Defendant
ARMAN GABAEE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ARMAN GABAEE, <br><br> Defendant. | Case No.: 2:18-CR-00331-gw <br><br> **DEFENDANT ARMAN GABAEE'S MOTION TO EXCLUDE LOS ANGELES COUNTY'S VICTIM IMPACT STATEMENT** <br><br> Hearing Date: December 15, 2022 <br> Hearing Time: 8:00 a.m. <br> Location: Courtroom of the Hon. George Wu |

Defendant ARMAN GABAEE, by and through counsel, hereby respectfully submits the following Motion to Exclude, requesting that the Court exclude from its consideration at sentencing Los Angeles County's victim impact statement submitted on November 22, 2022. In the alternative, if the Court is inclined to rely on the victim impact statement in any regard, the defendant respectfully requests an adjournment to affirmatively disprove these statements.

DATED: December 1, 2022

Respectfully submitted,

GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP

By: /s/
  ROBERT L. SHAPIRO
  TENY R. GERAGOS
  MARC AGNIFILO
  MATIN EMOUNA

Attorneys for Defendant
ARMAN GABAEE

## MEMORANDUM

On November 22, 2022, three weeks before sentencing in this matter, the government provided the Probation Department and counsel a victim impact statement ("VIS") from Los Angeles County ("LAC" or "the County") requesting that Mr. Gabaee "face the full weight of judgment against him, and the maximum sentence permitted by law." (Exhibit 1 at 3.) The statement broadly accuses Mr. Gabaee of "defrauding the County and its constituents out of millions of dollars," (id. at 1) and "caus[ing] the County to spend millions of taxpayer dollars on illegal contracts that are tainted by corruption" (id. at 2.) These statements are false, incendiary, and suspiciously prosecutorial in its tone and content. However, these issues can be addressed at sentencing.

The one issue that must be addressed in advance of sentencing is that the LAC statement submitted by the prosecutors contains factual assertions that (i) are not within the purview of the plea agreement, (ii) are wholly inaccurate, and (iii) if accepted by the Court, could lead to a higher sentence under Section 3553(a). Accordingly, the defense moves that if the Court is inclined to rely in any regard on the factual statements in the County's letter that are outside the scope of the plea agreement that the defense be given an adjournment to disprove these false factual statements. In the alternative, if the Court is not inclined to grant an adjournment so the defense can affirmatively disprove these statements, the defense asks that the Court not credit any of the factual statements in the VIS that are outside the scope of the plea agreement.

The false, factual statements that are outside the scope of the plea agreement include the following: (1) that LAC entered into over a dozen leases with Defendant, collectively worth more than $125 million. Many of these leases were for above-market prices, resulting in a waste of County funds that would have otherwise been available to serve the public; (2) LAC is also incurring tens of millions of dollars in relocation costs and replicating tenant improvement costs in replacement spaces,

which are the result of the fraudulent, illegal behavior of Defendant; and (3) Defendant's scheme took funds that would otherwise have been used for critical services, such as child and family support services, health care, and mental health services, all at the expense of the County's citizens.

These statements are false. The defense disputes every one of them. Moreover, these false, factual statements do not relate to the offense conduct in this case nor to the substance of the written plea agreement between the parties. Rather, the government is attempting to bring damaging and false information to the Court's attention in the absence of a hearing and without giving the defense the opportunity to correct the inaccurate information. To correct the record, the defense would have to employ an appraiser who would conduct a study of the "over a dozen leases" referred to in the factual statement and render an opinion to this Court as to whether the leases were above market, as now alleged by the prosecution. The defense has not been provided with such a study or the certified opinion of a qualified appraiser and the basis for any such opinion, and we anticipate the Court will be provided with no such information either. Yet, the prosecution submits information to the Court at sentencing that leases having nothing to do with this case are at higher than market value without so much as an appraisal and without giving the defense the opportunity to prove the exact opposite, that indeed many if not all of these leases were at or below market value.

In light of these false statements, the defense moves for the following: (1) that the government provide notice to the defense about which leases are above market value; (2) that the government provide the defense with the full factual record, including appraisals and other data, supporting the conclusion in the letter; (3) providing the defense with an adjournment to hire its own appraiser to conduct the appraisals necessary to rebut the factual statements in this letter. In the alternative, and given the fact that the Court has indicated that it does not wish to adjourn the

sentence in this matter, we move the Court to completely disregard any factual statement in the LAC letter that is outside the scope of the plea agreement.

DATED: December 1, 2022

Respectfully submitted,

GLASER WEIL FINK HOWARD
    AVCHEN & SHAPIRO LLP

By: /s/
ROBERT L. SHAPIRO
TENY R. GERAGOS
MARC AGNIFILO
MATIN EMOUNA

Attorneys for Defendant
ARMAN GABAEE