FILED

Arman Gabaee
Fed. Reg. No. 76335-112
FCC Lompoc Camp
3705 West Farm Road
Lompoc, CA 93436

2024 JUL -1 AM 10: 35

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____ CPO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ARMAN GABAEE,<br><br>　　　　Defendant. | No.: CR 18-331-GW<br>CV 23-10627<br><br>**MOTION TO SUPPLEMENT §2255 PETITION BASED ON RECENT SUPREME COURT RULING**<br><br>Hearing Date: None Set<br><br>Judge: Hon. George Wu |

## MOTION

Defendant Arman Gabaee, a federal prisoner, without counsel respectfully moves this Court to supplement his previously filed §2255 motion based on recent developments in the law regarding bribery and gratuities. Specifically, the recent Supreme Court decision in Snyder v. United States, No. 23–108. (Argued April 15, 2024—Decided June 26, 2024) clarified the scope of 18 U.S.C. §666, impacting both subsections (a)(1)(B) and (a)(2).

///

///

1  This motion is based on the attached exhibits Memorandum of Point and Authorities, accompanying exhibits,
2  the files and records in this case, and other such evidence or arguments as may be required by the Court
3  In support of granting Defendant's relief, the following is stated.

Respectfully submitted,

Dated: 7/1/2024

Arman Gabaee,
Defendant.

## MEMORANDUM OF POINT AND AUTHORITIES

### I. INTRODUCTION

Petitioner, Arman Gabaee, respectfully moves this Court to supplement his previously filed §2255 motion based on recent developments in the law regarding bribery and gratuities. Specifically, the recent Supreme Court decision in <u>Snyder v. United States</u> clarified the scope of 18 U.S.C. §666, impacting both subsections (a)(1)(B) and (a)(2). Whereas the Petitioner is innocent of the alleged offenses charged in the indictment. Due to this recent Supreme Court holding and in the interest of justice and judicial economy, Petitioners seeks an immediate order reversing his conviction.

Petitioner believes that the government should not object to this reversal of the conviction as the new rule of law requires immediate reversal.

### II. BACKGROUND

The Petitioner in his § 2255 Motion made a claim of ineffective assistance of counsel and that there is a lack of a factual basis for the guilty plea. He contends that the government presented false facts and these facts do not support the evidence to convict Defendant of bribery charged in Count Four of the indictment, in violation of 18 U.S.C. § 666 (a) (2).

Next, his counsel failed to identify the factual deficiencies in the indictment and explain such deficiencies to Petitioner. This is currently being briefed on a limited attorney client waiver. However, with the <u>Synder</u> decision the government's fishing expedition into the attorney client waiver is now moot and in the interest of judicial economy Petitioner asks the Court to consider the Snyder decision immediately as Petitioner is innocent of the offense as charged.

The Petitioner in his 2255 motion set forth the facts supported by exhibits which will fall in line with the Snyder decision. Further, the government and Petitioner's attorney knew or should have known that these facts do not meet the elements of the offense, which is a fundamental error, and prejudicial.

These facts and information were withheld from the Court. The false evidence submitted was a violation of due process and a fundamental error which prejudiced Petitioner. Because of these false facts perjured testimony by the government there was no quid pro quo bribery scheme or any intent. The imposed fine was thought up by the government without the Court's consent and which was excessive. For the reasons set forth herein Petitioner's conviction should be vacated as there has been a substantial change in the law made by the Supreme Court.

### III. RECENT LEGAL DEVELOPMENTS

Snyder v. United States clarified that: §666 (a) (1) (B) applies to both bribes and gratuities. Gratuities are payments made after official acts, without a quid pro quo agreement. The Court's ruling impacts the interpretation of § 666 (a) (2) as well.

### IV. REQUEST FOR SUPPLEMENTAL RELIEF

Petitioner respectfully requests that this Court allow the supplemental filing to his §2255 motion to address the impact of the Snyder ruling on their case. Specifically: Consideration of the bribery conviction under §666(a)(1)(B). Examination of the applicability of §666(a)(2) considering the new change in law ruling.

### V. THE SNYDER DECISION CONFIRMS PETITIONER'S INNOCENCE

The Supreme Court was asked the question whether §666 also makes it a crime for state and local officials to accept *gratuities*—for example, gift cards, lunches, plaques, books, framed photos, or the like—that may be given as a token of appreciation after the official act. The answer is no. State and local governments often regulate the gifts that state and local officials may accept. Section 666 does not supplement those state and local rules by subjecting 19 million state and local officials to up to 10 years in federal prison for accepting even commonplace gratuities. Rather, §666 leaves it to state and local governments to regulate gratuities to state and local officials.

Federal and state law distinguish between two kinds of payments to public officials—bribes and gratuities. As a general matter, bribes are payments made or agreed to ***before*** an official act in order to influence the official with respect to that future official act. This was not the case here. The submitted facts all reveal that the money given to Shepos was for living assistance. Assuming arguendo, the government's position was that Petitioner bribed Shepos. This assumption fails for several reasons: (1) the alleged payments made to Shepos were long after the fact, (2) the fake lease presented by the County to Petitioner was another failed attempt to entrap Petitioner. It was well known that the lease in question (i.e. Hawthorne Mall negotiated in 2000 without Shepos' involvement) was a renewal lease not a "new" lease. At all times Petitioner only wanted the County to follow the terms of the lease.

An important fact being overlooked here is ***that from 2000 to 2016, the County did not enter any new leases*** with Petitioner, (3) it was widely known that Shepos and Petitioner were friends, (4) the FBI through the wire tape became aware that Petitioner was not going to purchase the property and made false and misleading statements to the Court stating: (a) that the FBI agent carefully stated in his affidavit that on or about April 11, 2017, Shepos and Petitioner's "relationship changed from a friendship to an improper business relationship," and it lasted for 13 days from April 11, 2017 to April 24, 2017. Of course, that was the FBI's observations and the basis of the government's Criminal Complaint set forth in the Affidavit and, (b) the government present false and misleading statements to support the bribery count when it was always known there was no quid pro quo. (5) it was known that Shepos was a low-level county employee and did not have the authority to bind the County for leasing. He, therefore, could not commit a county act of this magnitude. Further, and is evident in this case, Shepos could not circumvent the numerous checks and balance set forth by County and had no influence over the County Supervisors. These facts are undisputable and supported in Petitioners numerous exhibits previously submitted in his motion 2255.

**A. Snyder supports Petitioner's innocence and immediate reversal of conviction.**

Petitioner's good-hearted actions of Petitioner to help support his friend lacked intent. Any inference could

only be stretched as a possible form of gratuity. As Justice Kavanaugh delivered the opinion of the Court in Synder stating: "American law generally treats bribes as inherently corrupt and unlawful. But the law's treatment of gratuities is more nuanced. Gratuities are typically payments made to an official *after* an official act as a token of appreciation. Some gratuities can be problematic. Others are commonplace and might be innocuous. A family gives a holiday tip to the mail carrier. Parents send an end-of-year gift basket to their child's public-school teacher. A college dean gives a college sweatshirt to a city council member who comes to speak at an event. A state legislator's neighbor drops off a bottle of wine to congratulate her for her work on a new law. As those examples suggest, gratuities after the official act are not the same as bribes before the official act. After all, unlike gratuities, bribes can corrupt the official act— meaning that the official takes the act for private gain, not for the public good. That said, gratuities can sometimes also raise ethical and appearance concerns. For that reason, Congress, States, and local governments have long regulated gratuities to public officials. Not surprisingly, different governments draw lines in different places. For example, some States allow public officials to accept gifts below certain threshold amounts. *E.g.*, Colo. Const., Art. XXIX, §3(6) (allowing gifts under $75); Kan. Stat. Ann. §46–237(a)(1) (2021) (allowing gifts under $40 per year); Mass. Gen. Laws, ch. 268A, §§3(b), (f), 23(b), (f) (2020) (allowing gifts under $50); W. Va. Code Ann. §61–5A–6(b) (Lexis 2020) (allowing "trivial" gifts that pose "no substantial risk of affecting official impartiality"). Some States bar accepting any gifts for specific activities, like certain speaking engagements. *E.g.*, Ark. Code Ann. §5–52–108 (2016). Some States make accepting gifts for official conduct a misdemeanor. *E.g.*, Del. Code Ann., Tit. 11, §1206 (Cum. Supp. 2022); W. Va. Code Ann. §61–5A– 9(d). Other States make it a felony. *E.g.*, Ariz. Rev. Stat. Ann. §§38–505(A), 38–510(A)(1) (2019).

Many States make exceptions for certain gifts, such as gifts from friends or family, travel reimbursements, campaign contributions, and ceremonial gifts like honorary degrees and plaques. *E.g.*, Colo. Const., Art. XXIX, §3(3); Mass. Gen. Laws, ch. 268A, §§3(f), 23(f); N. Y. Legis. Law Ann. §1–c(j) (West Cum. Supp. 2024); W. Va. Code Ann. §61–5A–6(b).

Like the States, the counties, cities, and towns of America take various approaches to regulating gratuities to their officials. Just within the State of Indiana, where the current case arose, some local governments set a gift limit of $50, or $100, or $200, or $300. *E.g.*, Butler, Ind., Code of Ordinances §30.27(G) (2019); Gary, Ind., Municipal Code §2–472(b)(1) (2021); Valparaiso, Ind., Code of Ordinances §36.05(B)(6) (2024); Noblesville, Ind., Code of Ordinances §36.05(B)(2) (2024).

Some prohibit gifts only from business entities currently doing business with the local government. *E.g.*, Carmel, Ind., Code of Ordinances §2–184(f)(3) (2024). Others restrict gifts from businesses bidding for government contracts. *E.g.*, Johnson County, Ind., Code of Ordinances §4–6–1–1 (2024).

With respect to gratuities to state and local officials, many of those officials are part-time and are allowed to hold outside employment. That reality can create complications for regulating gifts to those officials, and the rules often reflect that reality.

Meanwhile, Congress has established federal standards for federal officials. In 1962, Congress passed, and President Kennedy signed into law 18 U. S. C. §201, which contains comprehensive prohibitions on bribes and gratuities to federal officials. See 76 Stat. 1119. As to gratuities, that statute imposes criminal penalties on federal officials who seek or accept "anything of value" for "any official act." 18 U. S. C. §201(c)(1)(B).

It is important to note that Snyder defined bribery and gratuity as follows:

> **Bribes**: These are payments made or agreed to *before an official act* with the intent to influence the public official regarding that future act. Bribes are generally considered inherently corrupt and unlawful.
>
> **Gratuities**: Gratuities, on the other hand, are *payments made after* an official act as a reward or token of appreciation. While some gratuities may be innocuous, others can raise ethical and appearance concerns. Federal law treats gratuities differently from bribes.

In the specific case of James Snyder, the former mayor of Portage, Indiana, he was convicted under 18 U.S.C. §666(a)(1)(B) for soliciting and accepting a payment in connection with the city's purchases of garbage trucks, among other federal crimes. This statute closely resembles the bribery provision for federal officials and criminalizes corrupt acceptance of "anything of value" with the intent to be influenced or rewarded in

connection with official business or transactions worth $5,000 or more. So, in essence, it covers both bribes and certain types of gratuities.

Like in this instance, Snyder, while mayor, contracted with a local truck company to buy garbage trucks worth $1.125 million. Several months later, Snyder solicited and accepted $13,000 from the truck company's owners, which Snyder contended he received for providing the company with consulting services. It is undisputed that Snyder did not engage in this solicitation until after the city awarded the garbage truck contracts.

Snyder was later indicted for violating 18 U.S.C. § 666, which prohibits state and local officials from "corruptly solicit[ing,] demand[ing,] . . . or accept[ing]" anything of value offered with the intent to "influence [] or reward []" in connection with certain government business. Snyder moved to dismiss and, after the jury returned a guilty verdict, filed a post-trial motion for acquittal, arguing that Section 666 applies only to acts of quid pro quo bribery and does not criminalize "gratuities" paid in recognition of actions already taken. The district court denied both motions, and the Seventh Circuit affirmed.

The Supreme Court was asked the question of whether 18 U.S.C. § 666(a)(1)(B) criminalizes gratuities, i.e., payments in recognition of actions a state or local official have already taken or committed to take, without any quid pro quo agreement to take those actions?

The Court held that it did not, and that Section 666 applies only to quid pro quo acts of bribery. State and local officials may not be found guilty under this statute unless the prosecution proves that they solicited, demanded, or accepted something of value in exchange for taking an official act. It is obvious in Petitioner's case that there was no quid pro quo, and the bribery offense does not meet the elements of bribery.

This decision is the latest in a series of cases in which the Court has rejected novel and expansive readings of federal fraud statutes in state and local public corruption cases. E.g., Ciminelli v. United States, 143 S.Ct. 1121 (2023); Kelly v. United States, 140 S. Ct. 1565 (2020).

The Snyder holding clarifies that providing state and local officials with tokens of appreciation—for example, gift cards, meals, events, or as in this case, a $13,000 payment—does not subject those officials to federal prosecution.

The Court's holding set forth those payments occurring after-the-fact or now defined as "gratuities." And under federal public corruption statutes individuals will not face prosecution for payments that might be seen as after-the-fact "gratuities. The Court's ruling further solidifies this conclusion. Justice Gorsuch wrote separately to emphasize that today's decision is driven by the rule of lenity, which requires construing ambiguous criminal statutes in favor of defendants. Justice Jackson, joined by Justices Sotomayor and Kagan, dissented, contending that the Court's opinion "elevates nonexistent federalism concerns over the plain text of the statute."

## V. CONCLUSION

For all the foregoing reasons and conclusions of law and the recent holding by the Supreme Court in Snyder, reversal is warranted in the interest of justice and judicial economy. Petitioner strongly urges the Court to proceed immediately in the granting of Petitioners relief.

Respectfully submitted,

Dated: 7/1/2024

Arman Gabaee,
Defendant

**CERTIFICATE OF SERVICE**

I, Elenor Gabay, am over the age of 18 years and I am not a party to this action. I hereby certify that on this 1st day of July 2024, that I sent the foregoing via first-class postage, prepaid or other delivery charges prepaid, by depositing said documents herein listed with the United States Postal Service, for mailing copies of the foregoing:

**MOTION TO SUPPLEMENT §2255 PETITION BASED ON RECENT SUPREME COURT RULING**

To the following individual(s), party(s) and/or entity(s):

United States Attorney's Office
Central District of California
312 N. Spring Street
Los Angeles, CA 90012

I certify under the penalty of perjury that the foregoing is true and correct.

_____
Elenor Gabay