FILED

Arman Gabaee
Fed. Reg. No. 76335-112
FCC Lompoc Camp
3705 West Farm Road
Lompoc, CA 93436

2024 JUL 18 AM 10: 22

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No.: CR 18-331-GW |
|---|---|
| Plaintiff, | ) **DEFENDANT'S REQUEST FOR RECONSIDERATION TO DENIAL OF EMERGENCY MOTION FOR MODIFICATION OF SENTENCE; AFIDAVIT OF ARMAN GABAEE** |
| vs. | |
| ARMAN GABAEE, | ) [Pursuant to 18 U.S.C. § 3582(c)(1)(A)] |
| Defendant. | ) Hearing Date: None Set<br>) Judge: Hon. George Wu |

Defendant Arman Gabaee, a federal prisoner without counsel, respectfully moves this Honorable Court on his Request for Consideration of the Denial of his Emergency Motion for Modification of Sentence, [Dkt. 330] under 18 U.S.C. § 3582(c)(1)(A) entered on July 10, 2024, this request is therefore timely and made on the following grounds:

## I. GROUNDS FOR RECONSIDERATION

Defendant never received a copy of the Court's order instructing the government to answer by a specific date or when his Reply would be due—according to the postage meter date on the government's envelope containing their opposition. It was mailed on July 5, 2024. On July 11, 2024, the Defendant received the government's opposition through the prison mail system. Defendant does not have direct access to PACER and relies on others to provide information and assist him.

1

1. On July 7, 2024, Defendant learned through a friend that the government had filed an opposition to his emergency motion for sentence modification under the First Step Act 18 U.S.C. § 3582(c)(1)(A). He immediately began to prepare his Reply.

2. On July 11, 2024, Defendant filed his Reply to the government's opposition, which included proof that Defendant had exhausted his administrative remedies. [Dkt. 323]

3. He also provided information that his medical condition had worsened. The government's opposition as to the Defendant's medical condition is incorrect as he recently had two episodes of stroke, and the B.O.P. continues to fail to provide treatment. This is some information in Defendant's Reply to the government's opposition. At all times, he believed he had 14 days to reply.

4. On July 10, 2024, the Court issued its denial to the Defendant's emergency motion for modification of sentence under 18 U.S.C. § 3582(c)(1)(A) before he was able to reply. {Dkt. 330]

5. Defendant's Reply was filed one day after the Court's decision as Defendant, approximately eight (8) days after the government's opposition was filed, and before he received the government's opposition.

6. The government's opposition was filed two (2) days before the 4th of July holiday. As the Court is aware, the Defendant is a federal prisoner and is at a significant disadvantage due to his incarceration when it comes to relying on the United States mail. He is at the mercy of the B.O.P. as to when the mail will be sorted and delivered to the housing units. The mail typically takes a week or more to arrive at the prison complex, and then, a few days later, prison staff will sort the mail and put it in the mailbags for the housing units, provided the Officer in Charge ("O.I.C.") passes out the mail to the prisoners timely.

7. The Lompoc prison authorities have complained about the need for more staff and that prison mail is not a priority, which further delays mail delivery. There is no prison mail pick-up or delivery on weekends.

8. The Defendant filed his motion for relief on June 21, 2024. [Dkt. 320]. On June 26, 2024, the Court Ordered the government to reply by July 2, 2024. [Dkt. 321], and the government filed its opposition on July 2, 2024, mailing it to the Defendant on July 5, 2024. The Defendant received the government's opposition on July 11, 2024.

9. The Court's denial addressed four issues made in the government's opposition: (1) the Court lacks

jurisdiction to grant home confinement; (2) Defendant has not exhausted his administrative remedy; (3) Defendant's medical condition is not considered extraordinary and compelling; (4) Defendant does not meet the 18 U.S.C. § 3553(a) factors.

The Defendant addressed each of these issues in his Reply with supporting evidence. It must be noted that it has now been approximately seven (7) weeks since Defendant collapsed. He has been languishing in pain and has not seen the urologist for a prolonged urinary tract infection, which continues to go untreated. His knees have no cartilage, and walking without cartilage and bone-to-bone grinding has become very painful. His tremors have gone untreated and are increasing uncontrollably. A neurologist has not seen him. The concern for a significant stroke has been expressed by the medical staff to Defendant while being told he needs to be home to get adequate medical care before he becomes debilitated or dies.

The B.O.P.'s failure to treat the Defendant is a textbook example of inadequate medical care, as outlined in the Defendant's Reply to the government's opposition.

## II. LEGAL STANDARD

Local Rule 7-18 in the Central District of California outlines three grounds for reconsideration of a motion: (1) A material difference in fact or law that could not have been known at the time of the decision; (2) the emergence of new material facts or a change in law after the decision; (3) failure to consider material facts presented before the decision. See Flores v. Lynch, No. 85-04544-DMG(Ex) (C.D. Cal. 2015) (discussing the requirements for filing a motion for reconsideration).

Here, Defendant contends, and the record reflects that he did not receive the government's opposition until after the Court had filed the denial. On its face, it could be construed that Defendant was not going reply. This is incorrect, the record shows that Defendant replies timely when notified or required.

He meets the standard and urges the court to reconsider the denial until his reply has been reviewed by the court.

///

## III. CONCLUSION

For the forgoing reasons and conclusions of law, Defendant Arman Gabaee respectfully requests the court to grant his motion for reconsideration.

Respectfully submitted,

Dated: 7/17/2024

Arman Gabaee,
Defendant.

**CERTIFICATE OF SERVICE**

I, Elenor Gabay, am over the age of 18 years and I am not a party to this action. I hereby certify that on this 18th day of July 2024, that I sent the foregoing via first-class postage, prepaid or other delivery charges prepaid, by depositing said documents herein listed with the United States Postal Service, for mailing copies of the foregoing:

**DEFENDANT'S REQUEST FOR RECONSIDERATION TO DENIAL OF EMERGENCY MOTION FOR MODIFICATION OF SENTENCE; AFIDAVIT OF ARMAN GABAEE**
[Pursuant to 18 U.S.C. § 3582(c)(1)(A)]

To the following individual(s), party(s) and/or entity(s):

United States Attorney's Office
Central District of California
312 N. Spring Street
Los Angeles, CA 90012

I certify under the penalty of perjury that the foregoing is true and correct.

_____
Elenor Gabay

5