UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-10627-GW; **CR 18-331-GW** | Date | December 3, 2024 |
|---|---|---|---|
| Title | *United States of America v. Arman Gabaee* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

None Present   None Present

**PROCEEDINGS:** IN CHAMBERS - RULING ON DEFENDANT/PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, PURSUANT TO TITLE 28 USC 2255 [310]

Attached hereto is the Court's Ruling on Defendant/Petitioner's Motion [310]. Petitioner's Motion/petition is DENIED.

:

Initials of Preparer   JG

<u>*United States of America v. Gabaee*</u>, Case Nos. 2:18-cr-331-GW; 2:23-cv-10627-GW
Ruling on Motion to Vacate, Set Aside or Correct Sentence Under 18 U.S.C. § 2255

On December 13, 2023, Defendant/Petitioner Arman Gabaee ("Petitioner") filed, without the assistance of counsel, a motion to have the Court vacate, set aside or correct his sentence under 18 U.S.C. § 2255 ("Motion"). *See United States of America v. Gabaee*, No. 2:18-cr-00331-GW ("*Gabaee* Crim."), Docket No. 310; *Gabaee v. United States of America*, No. 2:23-CV-10627-GW ("*Gabaee* Civ."), Docket No. 1.[1] Petitioner has based his motion on claims of ineffective assistance of counsel.[2] In response to the Motion, the Government moved to allow discovery which the Court granted on May 2, 2024. Crim. Docket No. 317. On August 19, 2024, the Government filed its Opposition (*Id*. at No. 337). Defendant filed his Reply on September 16, 2024 (*Id*. at No. 343) and a Sur-Reply on November 4, 2024 (*Id*. at No. 347).

As part of his plea agreement with the Government (which was made part of the record at Petitioner's guilty plea hearing), Petitioner agreed: to "[n]ot contest the Factual Basis agreed to" in the agreement; to "[b]e truthful at all times with . . . the Court"; and that the statement of facts set forth in the plea agreement was sufficient to support his guilty plea. *Gabaee* Crim., Docket No. 240, at 2:8-9, 2:19-20, 6:13-16, 17:4-6. He admitted in the plea agreement that he was, in fact, guilty of violating 18 U.S.C. § 666(a)(2). *See id.*, at 6:12-13.

Along with a waiver of certain Constitutional rights, *see id.*, at 11:12-12:9, Petitioner also agreed that "with the exception of an appeal based on a claim that [his] guilty plea was involuntary, by pleading guilty [he was] waiving and giving up any right to appeal [his] conviction on the offense to which [he was] pleading guilty." *Id.* at 12:11-

---

[1] Petitioner pled guilty to the fourth count of the indictment filed against him, for federal program bribery in violation of 18 U.S.C. § 666(a)(2), *see Gabaee* Crim., Docket No. 14, and received a 48-month sentence on December 15, 2022, *see Gabaee* Crim., Docket No. 282, well below what the Government requested, *see Gabaee* Crim., Docket No. 270, and less-than-half the low-end of the Sentencing Guidelines' range, *see Gabaee* Crim., Docket No. 275.

[2] While the Government accurately notes that Petitioner, in his motion, has labeled the fine assessed to him as "excessive," the Court does not discern this as a basis for the instant motion/petition, limited as it is to claims of ineffective assistance of counsel. Any attempt by Petitioner to widen the scope of his motion/petition via his Reply is ineffective. Moreover, as noted *infra*, Petitioner expressly waived the right to appeal the fine the Court imposed so long as it was within the statutory maximum.

1

15. This waiver included "any and all claims that the statement of facts provided [in the plea agreement] is insufficient to support" his guilty plea. *Id.* at 12:15-19. It also included a waiver of the right to appeal "the fine imposed by the Court, provided it is within the statutory maximum." *Id.* at 12:21-27.

In the plea agreement, Petitioner specifically certified that he voluntarily agreed to the terms of his plea agreement. *See id.* at 18:4-5. He also certified that he was "pleading guilty because [he is] guilty of the charge and wish[ed] to take advantage of the promises set forth in [the] agreement, and not for any other reason." *Id.* at 18:14-18. Having specifically heard from Petitioner's counsel on the topic, at Petitioner's change-of-plea hearing the Court expressly determined that Petitioner's guilty plea was knowing, intelligent, and voluntary. *See Gabaee* Crim., Docket No. 243; *Gabaee* Crim., Docket No. 246, at 10:21-24, 25:7-10, 38:3-6.

Despite its asserted centrality to his effort, the purported ineffective assistance of Petitioner's counsel gets an exceedingly light touch in Petitioner's motion. To the extent the Court can discern the grounds for Petitioner's belief in the existence of ineffective assistance, it appears to consist of: 1) counsel's advisement to Petitioner that he not cooperate with the FBI in order to "set-up" Los Angeles County Supervisor Mark Ridley Thomas, *see Gabaee* Crim, Docket No. 310, at pgs. 3, 14; 2) counsel's failure to investigate purported government "misconduct," *see id.* at pg. 3; and 3) counsel's failure to identify "factual deficiencies in the indictment and explain such deficiencies to Petitioner," *id.*

Petitioner also appears to take issue with his counsel's communication with him following the Government's presentation, at his change-of-plea hearing, concerning what facts it felt it could prove in support of the charge connected to his guilty plea. *See id.* at 20, 24-25. In particular, this issue concerns whether or not Petitioner intended to withdraw his second offer on the "Annadel Heights Drive property" *before* the FBI arrived to inform him that it was aware of his attempted-purchase activity concerning that property. *See id.* at 25. According to Petitioner, his counsel advised him "to accept the government's rendition of the factual basis" on this topic (*i.e.*, that he rescinded the offer *after* being confronted by the FBI) "even though it was false." *Id.* Petitioner did, in fact, plead guilty to the facts as alleged by the Government, and the Court accepted his plea.

Petitioner claims that his counsel "knew or should have known that the government's presentation of the evidence is not supported by the actual facts" to meet the elements of the claim to which Petitioner pled guilty." *Id.* at 28; *see also id.* at 37.

Rather than actually putting forth any specific or substantial effort to explain if and how any of the foregoing actions of his counsel meets the two prongs required for an ineffective assistance claim,[3] Petitioner's motion appears instead to be largely focused on an attempt to argue that Petitioner was – for various enunciated reasons – actually not guilty of the charge to which he pled and that there was a "lack of a factual basis for the guilty plea" and "false evidence." Docket No. 310, at pgs. 3-4, 28-33, 37. This approach is continued in Petitioner's Reply, *see* Docket No. 343, and with no attempt to connect any of the many – untimely, and in violation of his plea agreement – evidentiary contentions he advances with any particular theory of ineffective assistance (the sole basis for his motion/petition).[4] Yet, putting aside the fact that he specifically waived this as a basis for any appeal, Petitioner pled guilty, somewhat of a contradiction to his current tune that the facts were woefully inadequate to support the charge to which he pled or that the Government presented "false" evidence – that, if in fact false, Petitioner would have *then known* was false – in the course of obtaining his plea.

As the Government aptly sums it up, Petitioner now claims "actual innocence, flatly denying nearly every fact in his plea agreement that he previously swore under oath

---

[3] *See Strickland v. Washington*, 466 U.S. 668 (1984); *Ross v. Davis*, 29 F.4th 1028, 1042 (9th Cir. 2022).

[4] The concern raised in Petitioner's Reply about not having been served with a redacted copy of the Government's Opposition to Petitioner's motion was cured by the Court such that Petitioner was eventually served with, and had the opportunity to respond to, the unredacted version of that document. *See Gabaee* Crim., Docket Nos. 344, 346-347. The assertion that the Government's alleged failure to provide Petitioner with an unredacted copy of his Opposition – which, of course, Petitioner's trial/plea counsel (who no longer represent Petitioner, *see Gabaee* Crim., Docket No. 340, response to Interrogatory Number 3) had nothing to do with – somehow "illustrates [Petitioner's] attorney's actions as being below the constitutional standard" outlined in *Strickland*, *Gabaee* Crim., Docket No. 343, at 6:22-25, is reflective of the amount of thought and logic put into Petitioner's argument on the motion/petition overall.

To address one particular issue presented by Petitioner's further response (once he had been properly served with an unredacted copy of the Government's Opposition), factual assertions unsupported by any actual evidence, and even then only offered in a "Sur-Reply" (when there is no reason they could not have been made earlier, offering the Government an opportunity to respond), *see* Gabaee Crim., Docket No. 347, at 4:13-20, 5:15-16, 7:20-25, are both improper and insufficient.

was true." *Gabaee* Crim., Docket No. 341, at 16:3-5. The time has come-and-gone for Petitioner to attempt to prove his innocence through evidence he believes or believed favors his story, and not that of the Government.[5]

Petitioner freely admits that he did not appeal his sentence or conviction. *See Gabaee* Crim., Docket No. 310, at pg. 2. He also admits that, as part of his plea deal, he actually waived his right to appeal or to make a collateral attack on his sentence, and that he informed the Court at the change-of-plea hearing that he understood his waiver. *See id.* at 18, 20, 27.

Petitioner asserts that he did not waive his right to collaterally-attack his conviction because his plea was not knowing and therefore not voluntary. *See id.* at 27. Ignoring the fact that several of the grounds for ineffective assistance Petitioner raises have nothing to do with his plea or whether or not it was knowing/voluntary, this assertion flatly contradicts the events at Petitioner's change-of-plea hearing where the Court specifically found Petitioner's plea to be knowing and voluntary, as Petitioner's own recitation demonstrates. *See id.* 19-20, 24-25. Petitioner himself states that the knowing-and-voluntary question is decided by whether a defendant reasonably-understood the terms of his agreement and whether the defendant was fully-aware of the direct consequences of the plea agreement. *See id.* at 27; *see also United States v. Rodriguez*, 49 F.4th 1205, 1212 (9th Cir. 2022) ("A plea agreement is made knowingly if the defendant understands the terms and, to a certain extent, the consequences of the agreement. A plea agreement is made voluntarily if the defendant is not 'induced by promises or threats' to enter the agreement.") (quoting *Doe v. Woodford*, 508 F.3d 563, 570 (9th Cir. 2007)) (omitting internal citation). The Court had no hesitation in this regard when it took Petitioner's plea, and has no such hesitation now.

Petitioner also claims that he waived his right to appeal "except for a claim based on ineffective assistance of counsel stemming from information that he could not have known at the time that he pleaded guilty." *Id.* at 28. However, he does not attempt to

---

[5] Perhaps not-surprisingly – considering the overwhelming content of Petitioner's effort – the Government's effort goes into significant detail in an attempt to demonstrate Petitioner's guilt, and not just for the charge to which he pled. This approach is equally-irrelevant to the issues raised by Petitioner's ineffective assistance contentions.

4

explain which of his various abbreviated assertions of ineffective assistance is based on "information that he could not have known at the time that he pleaded guilty."[6]

In any event, Petitioner has not adequately explained how *any* of the factual/evidentiary issues he now attempts to raise are tied *at all* to the purported deficient performance of his counsel. Nor has he explained how any possible ineffective assistance could have possibly prejudiced him, considering the extraordinarily lenient sentence he received after entering into the plea agreement with the Government.[7] The Court particularly agrees with the Government that Petitioner's statements offered in the context of his plea agreement and entering his plea rule out his new effort to present different facts as part of any attempt to satisfy the prejudice prong of his ineffective assistance contention.

In sum, virtually none of Petitioner's opening brief in support of his motion is actually dedicated to demonstrating how his counsel committed ineffective assistance. Instead, it appears to be an attempt to demonstrate that he had a strong defense case and that the Government could not have successfully prosecuted him. But that ship has sailed. Petitioner pled guilty (and admitted facts in support of that guilty plea). Petitioner's Reply brief fares no better in this regard. His attempt at demonstrating deficient performance and prejudice is remarkable only for its conclusory nature. *See*

---

[6] Petitioner also appears to make various only roughly-drawn assertions concerning alleged prosecutorial misconduct. *See Gabaee* Crim., Docket No. 310 at 28. But he never attempts to explain why – if the Court concludes (as it already did at the change-of-plea hearing) that his waiver was knowingly and voluntarily made – he has not waived any claims concerning alleged prosecutorial misconduct. Even accepting Petitioner's factual assertions about this issue as true, there is no reason why Petitioner would not have known about the factual-deficiencies he now complains about as supporting his prosecutorial misconduct claim(s). Indeed, Petitioner admits that "[t]he government alleged their [*sic*] [allegedly false and misleading] theory in the indictment and the plea agreement," *id.* at 30, documents he obviously had and read.

[7] Petitioner contends, in his Reply, that "it is evident from the record that [he] didn't want to proceed with the change of plea." *Gabaee* Crim., Docket No. 343, at 18:23-24. To the contrary, there is absolutely no evidence, contemporaneous with his plea, that Petitioner was contemplating proceeding to trial, either in connection with the particular topics he now identifies as deficient performance by counsel or otherwise. *See Gabaee* Crim., Docket No. 246, at 33:22-36:17. The Court's review of the interrogatory responses provided by Petitioner's counsel in connection with this motion (*see Gabaee* Crim., Docket No. 340) only confirms this conclusion. Even with respect to the purported fact that, left out as the factual basis for the plea agreement, Petitioner believed made the factual basis for his plea incomplete, he *still* indicated to his counsel that he wanted to plead guilty. In any event, as the Government explains, there is certainly no reason to conclude that Petitioner would have received a more-favorable sentence had he gone to trial and been convicted.

5

*Gabaee* Crim., Docket No. 343, at 12:17-24, 13:27-28, 14:10-18, 17:27-18:8, 18:25-27, 19:5-6; *see also Gabaee* Crim., Docket No. 347, at 3:12-18.

As the Government notes in its Opposition, Petitioner bears the burden in the context of a Section 2255 motion/petition, and the limited effort he has expended on the actual ineffective assistance contentions he has put forth – assuming they are even properly before this Court at this point – are not consistent with satisfying that burden. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (indicating that court is within its power to deny Section 2255 motion where motion "stated only bald legal conclusions with no supporting factual allegations"); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995) (affirming denial of habeas relief and request for evidentiary hearing where "conclusory suggestions" and "bald assertions" of ineffective assistance fell "far short" of stating valid claim of constitutional violation). Even viewing Petitioner's efforts charitably in this regard, his motion fails.

For instance, with respect to the deficient-performance ineffective-assistance prong, the Court easily concludes – having reviewed the responses to interrogatories provided by Petitioner's counsel, *see Gabaee* Crim., Docket No. 340 – that the advice Petitioner's counsel gave him to plead guilty was well within the range of expected competence,[8] and certainly in light of Petitioner's expressed interest in pleading guilty as opposed to proceeding to trial (in exchange for likely – and ultimately – receiving a favorable sentence under the circumstances). For the reasons expressed in response to Interrogatory Numbers 8(b), 13(b) and 14(c), *see id.*, at pgs. 16-19 of 39, Petitioner's counsel effectively advised Petitioner concerning the issue that gave Petitioner some pause during his change-of-plea hearing. Furthermore, as the Government points out, Petitioner's counsel was able to secure for him a remarkably-favorable sentence, and sentence recommendation, compared to the one he faced under the sentencing guidelines.[9]

---

[8] The Government acknowledges that counsel may be deficient for providing "legally incorrect or unreasonable advice about whether to accept [a] plea offer." *Gabaee* Crim., Docket No. 341, at 14:27-28 (citing *Lafler v. Cooper*, 566 U.S. 156, 168 (2012)).

[9] The Government is correct that the Supreme Court's decision in *Snyder v. United States*, 603 U.S. 1 (2024), *which had not been issued at the time Petitioner pled guilty or received any of his counsel's advice*

Although Petitioner asserts that an "[e]videntiary hearing is required in this matter," *Gabaee* Crim., Docket No. 310, at 34, he offers no explanation for why he believes that to be so. For the reasons expressed above, Petitioner's Motion/petition is DENIED. No evidentiary hearing is warranted. Neither is a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(2).

---

*at issue here*, would not aid Petitioner in any event considering the nature of the Government's *quid pro quo* charge and Petitioner's plea to *that* charge.